BALCO CORPORATION, APPELLEE, *v.* D. H. OVERMYER CO., INC., OF OHIO ET AL., APPELLEES; NATIONWIDE LIFE INSURANCE CO., APPELLANTS.

(No. 74AP-344—Decided February 4, 1975.)

*Messrs. Schottenstein, Garel, Swedlow & Zox,* for appellee.

*Messrs. Wright, Harlor, Morris & Arnold, Mr. James E. Pohlman* and *Mr. Robert C. Kieger,* of counsel, for appellants.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County. The case is based upon an agreement executed April 22, 1970, involving plaintiff, the appellee (hereinafter called Balco), a general contractor, and D. H. Overmyer Co., Inc., of Ohio, an appellant. Counsel for both parties note in their briefs that the construction agreement on the cover page includes the words "D. H. Overmyer of Ohio," indicating the correct parties. By inadvertence, however, the words "of Ohio" were omitted from the signature page. In short, the parent company, D. H. Overmyer Co., Inc., was not a party to this construction agreement. Moreover, it apparently is not a party in this action. The contract involves the building of a warehouse on New World Drive, in Industrial Park, Columbus, Ohio.

The original contract price was $588,000. The final price after amendments was $593,573.89. The warehouse was constructed, but the alleged amount due under the contract was not paid. Balco's mechanic's lien is for $96,977.-39. The following stipulation is included in the record:

"1. That an affidavit for mechanic's lien was filed by plaintiff on July 30, 1971 in the office of the Franklin County Recorder; that the attached document (Joint Exhibit I) is genuine and consists of a copy of said affidavit.

"2. That an affidavit for mechanic's lien was mailed by certified mail to the statutory agent for D. H. Overmyer Co., Inc., of Ohio ('Overmyer'), C. T. Corporations System, Cleveland, Ohio, together with a covering letter on August 5, 1971; and that the attached document (Exhibit 1) is genuine and consists of a copy of said letter; and that the attached document (Exhibit 2) is genuine and consists of a copy of the return receipt signed by or on behalf of C. T. Corporations System.

"3. That plaintiff did not serve the sworn statements of its subcontractors and materialmen upon Overmyer at any time.

"4. That a copy of the affidavit for mechanic's lien filed on July 30, 1971 was not posted on the premises which are

the subject of this action at any time within forty days after plaintiff filed the lien.

"5. That the attached document (Exhibit A) is genuine and consists of a copy of page 163 of the yellow pages and page 728 of the white pages of Polk's Columbus (Franklin County, Ohio) City Directory, 1971."

In substance, Balco's amended complaint alleges the following:

1. Count One was a claim for money damages against Overmyer (Ohio) for the balance of $96,977.39 allegedly due on the construction agreement;

2. Count Two was a claim for money in the amount of $96,977.39 against The Cleveland Trust Co., the construction mortgage lender, wherein it is alleged that The Cleveland Trust Co. disbursed its mortgage funds contrary to the provisions of a Construction (Loan) Agreement; and

3. Count Three was a claim against Nationwide and the Trustees (sometimes referred to hereinafter jointly as "the defendants") for foreclosure of Balco's mechanic's lien.

It is indicated that the first count was stayed by an order of the United States District Court, Southern District of New York, which assumed jurisdiction of Chapter XI reorganization proceedings concerning Overmyer. Moreover, count two was dismissed before trial. Consequently, this case involved only the claim to foreclose the mechanic's lien.

The trial was to the court. Thereafter, the parties filed post-trial briefs, each attaching proposed findings of fact and conclusions of law. The trial court adopted Balco's excepting conclusion of law number 3. Subsequently, defendants perfected this appeal.

The assignments of error are as follows:

"1. The trial court erred in concluding as a matter of law that only a person with control and supervision over the premises constitutes an 'agent' within the meaning of the Ohio Mechanic's Lien Law.

"2. The trial court's conclusion of law that Overmyer did not have an agent within Franklin County who could

be 'found' for purposes of service of the sworn statements required by R. C. Sec. 1311.04 and of a copy of the lien affidavit required by R. C. Sec. 1311.07 is contrary to the manifest weight of the evidence.

"3. The trial court erred in concluding as a matter of law that plaintiffs complied with the provisions of R. C. Sec. 1311.04.

"4. The trial court erred in concluding as a matter of law that plaintiff complied with the provisions of R. C. Sec. 1311.07 by mailing copies of the lien affidavit to Overmyer's statutory agent in Cleveland, Ohio and to its business office in New York, New York without posting a copy on the premises."

We are aware of the basic rule that, generally, mechanic's lien statutes shall be strictly construed as to whether the lien attaches. Notwithstanding, R. C. 1311.24, a mechanic's lien section, reads as follows:

"Sections 1311.01 to 1311.24, inclusive, of the Revised Code are to be construed liberally to secure the beneficial results, intents, and purposes thereof; and a substantial compliance with said sections is sufficient for the validity of the liens under said sections, provided for and to give jurisdiction to the court to enforce the same."

Counsel for both parties, in uniformly excellent briefs, cite *Gebhart* v. *The United States* (1961), 172 Ohio St. 200. The Supreme Court wrote, in the *Gebhart* case, at pages 214, 215:

"Paragraph four of the syllabus in the case of *Howk* v. *Krotzer* (1942), 140 Ohio St., 100, 42 N. E. (2d), 640, states:

" 'A statute which limits the right of a person who does work or labor upon or furnishes material for the construction of an improvement upon real estate to recover the full value of such labor or material is to be strictly construed.'

"At the conclusion of his opinion in that case, Turner, J., stated:

" 'We think that the spirit, purpose and letter of the constitutional provision and the mechanic's lien law authorized thereby call for a *strict construction of any provision which limits the right of the lienholder* to be paid in full for

labor bestowed on or material furnished for an improvement on real estate.' (Emphasis added.)

"It would appear from the last time this court has spoken on the question that the rule of strict construction is to be applied to protect the right of the lienholder rather than to limit it."

It is respectfully submitted that the testimony of Mr. Geoffrey Manack is inconclusive as to the agency issue in this case. In sum, the trier of the facts could reasonably conclude that Geoffrey Manack was not an agent of D. H. Overmyer Co., Inc., of Ohio. Further, even if reasonable minds could not so conclude, they could find that plaintiff should not necessarily have known of such relationship. Therefore, although the mechanic's lien statutes may well be a tangled web suggesting legislative or Supreme Court attention, the basic standards of the trier of the facts have been enunciated by this court many times. Applying those standards, we do not find error as a matter of the court's legal conclusion, nor, as noted above, do we find the conclusion concerning agency in this case against the manifest weight of the evidence. Consequently, defendants' assignments of error one and two are not well taken.

As to the third and fourth assignments of error, R. C. 1311.04 requires the original contractor to provide the owner or his agents particular sworn statements from subcontractors and materialmen. As noted in the above stipulation, paragraph 3, this was not done. We note, however, the following, from R. C. 1311.04, in pertinent part:

"* * * If such owner, part owner, lessee, or his agent cannot be found within the county, then it is not necessary for the contractor or subcontractor to make and deliver such statements and certificates as a prerequisite to a lien or to the institution of a suit or proceedings."

The testimony in this case shows that the corporate headquarters of D. H. Overmyer Co., Inc., were in New York; and the statutory agent in Cleveland. The trial court did not commit reversible error by concluding Overmyer of Ohio did not have an agent within Franklin County, within the meaning of the mechanic's lien statutes. Moreover, the

trial court demonstrated an awareness of the definition of the term "agent" in the correct context for this case.

Additionally, we note R. C. 1311.07, as follows:

"Every person filing an affidavit, provided for in Section 1311.06 of the Revised Code, shall within thirty days after the filing thereof serve on the owner, part owner, or lessee of such premises or his agent, a copy thereof, but if none of such persons can be found within the county where such premises are situated, then such copy shall be served by posting the same in some conspicuous place on said premises within ten days after the expiration of said thirty days."

The plain intent of this statute is to assure that notice of a lien claim against property is provided to the owner. This section provides for both constructive and actual notice. We find that plaintiff complied with the necessary statutory requirements by mailing a copy of the lien affidavit to the owner's statutory agent in Ohio, by certified mail, and by also sending a copy to the attention of the owner's counsel at its home business office in New York. In point of fact, should there be any substantial doubt concerning this issue, notice through the statutory agent would become the key to the case. Therefore, in the context of this case, the posting issue becomes irrelevant. Consequently, the third and fourth assignments of error are not well taken.

For the foregoing reasons, we do not find prejudicial error by the trial court, and the judgment is affirmed.

*Judgment affirmed.*

TROOP, P. J., and HOLMES, J., concur.