CROCK CONSTRUCTION COMPANY ET AL., APPELLEES, *v.* STANLEY MILLER CONSTRUCTION COMPANY, APPELLANT, ET AL.

[Cite as *Crock Constr. Co. v. Stanley Miller Constr. Co.* (1993), 66 Ohio St.3d 588.]

(Nos. 92–1018 and 92–1389—Submitted April
21, 1993—Decided June 30, 1993.)

*Yoss & Hampton* and *Richard A. Yoss,* for appellees.

*Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., Russ Kendig* and *Susan A. Carson,* for appellant.

ALICE ROBIE RESNICK, J.   This case requires us to construe the provision of former R.C. 1311.26 which specified that a "sworn and *itemized* statement of the amount and value" of labor performed and material or machinery furnished be filed when seeking a mechanic's lien in connection with a public works project.[1]   (Emphasis added.)

---

1.  Former R.C. 1311.26 provided, in pertinent part:

"Any subcontractor, materialman, laborer, or mechanic, who has performed labor or furnished material, fuel, or machinery, or who is performing labor or furnishing material, fuel, or machinery for the construction, alteration, removal, or repair of any property, appurtenance, or structure, described in sections 1311.02 and 1311.03 of the Revised Code, or for the construction, improvement, or repair of any turnpike, road improvement, sewer, street, or other public improvement, or public building provided for in a contract between the owner or any board, officer, or public authority and a principal contractor, and under a contract between such subcontractor, materialman, laborer, or mechanic and a principal contractor or subcontractor, at any time, not to exceed four months from the performance of the labor or the delivery of the machinery, fuel, or material, may file with the owner, board, officer, or the authorized clerk or agent thereof, a sworn and itemized statement of the amount and value of such labor performed, and material, fuel, or machinery furnished, stating when the last of such labor was performed and when the last of such material, fuel, or machinery was furnished, containing a description of any promissory notes that have been given by the principal contractor or subcontractor to the lien claimant on account of the labor, machinery, or material, or any part thereof, with all credits and setoffs thereon, and stating the post-office address of the claimant. * * *" Am.Sub.H.B. No. 77, 130 Ohio Laws 349.

R.C. 1311.26 was amended, effective April 10, 1991.   The amended version provides, in pertinent part:

"Any subcontractor, materialman, or laborer who is performing or has performed labor or work or is furnishing or has furnished material for any public improvement provided for in a

The principal issue to be addressed is whether the sworn statement filed by appellees was insufficient, as a matter of law, to establish a mechanic's lien. The trial court found the statement to be insufficient, due to the failure to itemize, and granted appellant's Civ.R. 56(C) motion for summary judgment, determining that no genuine issue of material fact existed and appellant was entitled to judgment as a matter of law. The court of appeals, in reversing the trial court, found that the lack of itemization was not fatal to the assertion of a mechanic's lien, concluding that appellant was not entitled to judgment as a matter of law. We thus begin our consideration by examining what "itemized" means in this context.

Black's Law Dictionary (6 Ed.1990) 833, defines "itemize" as "[t]o set down by items. To state each item or article separately." Applying this definition, in order for a statement of the amount and value of labor performed and material or machinery furnished to be itemized, the statement should set forth in some detail the separate instances in which labor was performed, and should also set forth in some detail a list of the material or machinery furnished. The portion of the sworn statement filed by appellees which is relevant to our inquiry contained the following information:

| | |
|---|---:|
| "Material charges from 5/8 to 11/14 | $ 86,513.94 |
| "Equipment charges from 4/1 to 11/14 | 120,853.10 |
| "Rec'd payment (5/30/86) | 11,500.00 – |
| "Rec'd payment (8/4/86) | 50,000.00 – |
| "Rec'd payment (8/28/86) | 35,803.10 – |
| "Rec'd payment (10/23/86) | 59,000.00 – |
| "Total amount due from Brock Const. | 51,063.94 |
| "Amount due from Plumbsng [*sic*] Contractors | 16,515.00 – |
| "Amount due from Miller for Brock | $ 34,548.94 " |

It is apparent that the charges listed for material and equipment are not itemized. No attempt has been made to set forth separately each item involved pertaining to material and equipment furnished. Material charges

contract between the public authority and a principal contractor, and under a contract between the subcontractor, materialman, or laborer and a principal contractor or subcontractor, at any time, not to exceed one hundred twenty days from the performance of the last labor or work or furnishing of the last material, may serve the public authority an affidavit stating the amount due and unpaid for the labor and work performed and material furnished, when the last of the labor or work was performed and when the last of the material was furnished with all credits and setoffs thereon, and the post-office address of the claimant." Am.Sub.H.B. No. 238, 143 Ohio Laws, Part III, 3676, 3716.

We note that current R.C. 1311.26 now refers to an affidavit to be served, rather than a statement to be filed, and does not use the word "itemized" to describe the contents of the affidavit to be served.

are lumped together, with no elaboration, and set forth as one sum, covering the period from May 8 to November 14. Equipment charges likewise are lumped together, without elaboration, and set forth as one sum, covering the period from April 1 to November 14. It is impossible to determine from these figures the "amount and value" of material and equipment supplied, in any other than the most general way. Furthermore, it is unclear which payments received were applied to which charges. Even though appellees continue to argue that the sworn statement was itemized, we agree with the trial court and the court of appeals that appellees failed to itemize in accordance with R.C. 1311.26.

We proceed to the specific issue to be determined, which is: What is the consequence of a failure to itemize? In concluding that a failure to itemize was not fatal to appellees' cause of action based on the mechanic's lien, the court of appeals determined that R.C. 1311.26 should be liberally construed, in the same way that former R.C. 1311.24 (now R.C. 1311.22) required a liberal construction of former R.C. 1311.01 to 1311.24 (now R.C. 1311.01 to 1311.22). The court of appeals held that, because former R.C. 1311.24 (now R.C. 1311.22) provided that "substantial compliance * * * is sufficient for the validity of" a mechanic's lien, "technical objections are disfavored." The court of appeals decided that proof could be presented at trial to correct the failure to itemize.

The interpretation given by the court of appeals to the provisions of R.C. 1311.26 is not consistent with prior case law established by this court. In *Robert V. Clapp Co. v. Fox* (1931), 124 Ohio St. 331, 178 N.E. 586, paragraph one of the syllabus, this court held: "Mechanics' lien statutes create rights in derogation of the common law and should therefore be strictly construed as to question whether a lien attaches, but their procedural and remedial provisions should be liberally construed, after the lien has been created." See, also, *C.C. Constance & Sons v. Lay* (1930), 122 Ohio St. 468, 469, 172 N.E. 283, 283 (The statutory steps to establish a mechanic's lien must be followed, "and in that respect the law is strictly construed and applied.").

In a decision consistent with the holdings of *Robert V. Clapp Co.* and *C.C. Constance & Sons*, the Court of Appeals for Hamilton County, in *Banks*, *supra*, 31 Ohio App.3d 54, 31 OBR 94, 508 N.E.2d 966, held at paragraph one of the syllabus: "To assert a valid mechanic's lien against a property owner for work performed as a by-product of a public improvements contract, a subcontractor must comply with the procedural requirements set forth in R.C. 1311.26. Failure to submit an itemized statement in accordance with these mandatory statutory requirements precludes relief as a matter of law on the basis of a mechanic's lien."

We approve of the approach of *Banks* on this issue. We hold that the failure to comply with former R.C. 1311.26's requirement of an itemized statement of the amount and value of labor performed and material, fuel, or machinery furnished precludes relief as a matter of law on the basis of a mechanic's lien.[2]

Appellant also argues that appellees' filing of a combined statement which did not indicate which charges were applicable to each company should have precluded recovery on the mechanic's lien. Because we hold that the mechanic's lien was invalid due to the failure to itemize, we do not separately address this contention. However, we do observe that a properly itemized statement would have indicated the "amount and value" of the charges asserted by each company.[3]

Appellees' failure to file an itemized sworn statement precluded the right to recover on the mechanic's lien, as a matter of law. The judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER C.J., A.W. SWEENEY, DOUGLAS and F.E. SWEENEY, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

WRIGHT, J., dissenting. The flaw in the majority opinion is that it follows the law as set forth in Black's Law Dictionary rather than as provided by Ohio statute.

I agree that if former R.C. 1311.26 had been hinged on the Black's definition of "itemize," the information in the lien filed by Crock Construction probably would have been insufficient. R.C. 1311.26, however, unlike the Black's

---

2. Former R.C. 1311.26 provided that one seeking a mechanic's lien "may" file a sworn and itemized statement. An argument could be made that the word "may" indicates that the sworn and itemized statement is not mandatory. However, a thoughtful reading of former R.C. 1311.26 leads to the conclusion that the statute's purpose is to set out the steps to be taken if a mechanic's lien is to be established. Assuming *arguendo* that the word "may" did indicate that the sworn and itemized statement was not mandatory, no statement at all would need to be filed. But, if no statement were filed, obviously no mechanic's lien could be established. It is apparent that the discretionary connotations of the word "may" go to what must be done *if* a mechanic's lien is desired, not to the question whether the specific steps enumerated are mandatory.

3. In a somewhat related regard, applicable to laborers only, R.C. 1311.26 now provides:
   "One or more laborers may authorize an agent to prepare, execute, file, and serve the affidavit required by this section. The affidavit may set forth the claims of one or more laborers, provided that the affidavit separately *itemizes* the claim of each laborer and may set forth claims for wages that are contractually due but are unpaid." (Emphasis added.)

definition, does *not* require parties seeking liens to "set down by items. To state each item or article separately."

It seems to me that the statute itself explained what the General Assembly meant by "itemize." To itemize meant to include a "statement of the amount and value of such labor performed, and material, fuel, or machinery furnished, stating when the last of such labor was performed and when the last of such material, fuel, or machinery was furnished." My examination of the statement filed by Crock Construction satisfies me that it included the necessary information. It included the different labor, material, and equipment charges and the dates on which those charges accrued. Most important, the statement clearly informed Stanley Miller of its total alleged liability.

I believe that it is clear that the General Assembly intended R.C. 1311.26 to be strictly construed. But I cannot accept the proposition that the General Assembly intended for this court to give subcontractors more paperwork, more red tape, and more headaches than the plain language of the statute required. The legislature balanced the need for certain information with the burden that producing such information places on small businesses. Today the court has disturbed that balance without articulating a single reason for doing so.

We, as judges, should follow a simple rule: before we look to legal dictionaries, and treatises, and law reviews for guidance, we should look at the words of the statute under consideration. In this case, a majority of this court erred by looking at a dictionary definition instead of carefully examining the language of the statute.

I respectfully dissent.

PFEIFER, J., concurs in the foregoing dissenting opinion.