HOPPES BUILDERS AND DEVELOPMENT COMPANY, Appellee,

v.

HURREN BUILDERS, INC. et al.;  Erb Lumber Company, Appellant;
Cole Acton, Harmon & Donn, L.P.A., Appellee.

[Cite as *Hoppes Bldrs. & Dev. Co. v. Hurren Bldrs., Inc.* (1996), 118 Ohio App.3d 210.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 96–CA–23.

Decided Oct. 25, 1996.

See also 78 Ohio St.3d 1413, 675 N.E.2d 1251, 81 Ohio St.3d 1233, 690 N.E.2d 11.

*Stephen E. Klein* and *Daniel S. Zegarski,* for appellant.

*Joseph A. Dunn,* for appellee.

FAIN, Judge.

Defendant-appellant Erb Lumber Company ("Erb") appeals from a judgment of the trial court sustaining an objection filed by defendant-appellee Cole, Acton, Harmon & Dunn ("Cole") as to the proposed distribution to Erb of sale proceeds arising from the judicial sale of foreclosed property. Erb contends that its failure to include the correct name of the owner of the property in its affidavit for mechanic's lien, in violation of R.C. 1311.06, was not fatal to its lien in light of the liberal interpretation afforded to mechanic's lien statutes. Accordingly, Erb claims that it was entitled to its pro-rata share of the sale proceeds based upon the priority of its mechanic's lien on the property.

We conclude that Ohio law requires a strict interpretation of mechanic's lien statutes until a lien is created, but a liberal interpretation of their procedural and remedial provisions after the lien has been created. Further, we find that, because R.C. 1311.06(A) addresses the procedure for creating a valid mechanic's lien, Erb's failure to set forth the correct owner's name in its affidavit for mechanic's lien precluded the creation of a valid lien enforceable in foreclosure proceedings. Accordingly, the judgment of the trial court is affirmed.

## I

Defendant-appellant Erb is a Michigan corporation that conducts business in Ohio as a supplier of building materials. From June 23, 1993 through October 25, 1993, Erb supplied building materials for the improvement of real property located at 4443 Arbor Lane, Springfield, Ohio. On November 29, 1993, Erb filed an affidavit for a mechanic's lien for $37,738.24 in Clark County, Ohio on the 4443 Arbor Lane premises, which was owned by defendant Hurren Builders, Inc. While completing its affidavit, Erb incorrectly identified Mike Hurren, the president, owner, and statutory agent of Hurren Builders, Inc., as the owner of 4443 Arbor Lane, instead of the owner of record, Hurren Builders, Inc.

On February 17, 1994, defendant-appellee Cole, a law firm located in Springfield, Ohio, filed a mortgage in the amount of $20,000 on the 4443 Arbor Lane

property to secure a debt for services rendered. On April 10, 1995, plaintiff Hoppes Builders and Development Company ("Hoppes") filed a complaint for foreclosure of its mortgage on the 4443 Arbor Lane premises. In its complaint, Hoppes named over twenty defendants, including Erb and Cole, as parties with potential interest in the property. On July 19, 1995, the trial court entered default judgment in favor of Hoppes and subsequently ordered the property sold. On October 13, 1995, the property was sold at a sheriff's sale for $83,334.

On December 5, 1995, Cole filed an objection to the proposed entry confirming the sheriff's sale and distributing the sale proceeds. In the proposed entry, Erb was to receive $33,239 on its mechanic's lien, and Cole was not to receive any sale proceeds for its mortgage. In its objection, Cole claimed that Erb's failure to properly identify the owner of the property in its affidavit for a mechanic's lien invalidated the lien altogether. On February 21, 1996, the trial court sustained Cole's objection and amended its entry distributing the sale proceeds. In its amended entry, the trial court disregarded Erb's purported claim and, after re-prioritizing the liens, distributed $20,000 to Cole on its mortgage.

From the judgment of the trial court, Erb appeals.

## II

Erb's sole assignment of error is as follows:

"The trial court erred in its order of distribution which excluded a distribution to appellant, ERB lumber company, in an amount of $33,239.00, in satisfaction of appellant's mechanic's lien ."

Erb contends that the trial court erred by finding that its affidavit for mechanic's lien was invalid merely because the affidavit failed to properly identify the owner of the 4443 Arbor Lane property as required by R.C. 1311.06.[1] Erb maintains that the mechanic's lien statutes should be liberally construed pursuant to R.C. 1311.22 and that case law to the contrary is superseded by the statute. Further, Erb argues that it substantially complied with R.C. 1311.06, and, accordingly, it is entitled to a portion of the sale proceeds based upon the priority of its lien.

---

1. R.C. 1311.06(A) states, in part, as follows:

"Any person, or his agent, who wishes to avail himself of sections 1311.01 to 1311.22 of the Revised Code, shall make and file for record in the office of the county recorder in the counties in which the improved property is located, an affidavit showing the amount due over and above all legal setoffs, a description of the property to be charged with the lien, the name and address of the person to or for whom the labor or work was performed or material was furnished, *the name of the owner, part owner, or lessee, if known,* the name and address of the lien claimant, and the first and last dates that the lien claimant performed any labor or work or furnished any material to the improvement giving rise to his lien." (Emphasis added.)

Cole argues that the law regarding the interpretation of the mechanic's lien statutes requires courts to strictly interpret statutes concerning the attachment of a mechanic's lien. Cole contends that Erb's failure to accurately name the owner of the 4443 Arbor Lane property in its affidavit for a mechanic's lien violates the explicit requirements of R.C. 1311.06 and precludes the attachment of a lien.

In its February 21, 1996 decision, the trial court agreed with Cole's interpretation of the law and found that Erb did not strictly comply with the statutory requirements set forth in R.C. 1311.06. As a result, Erb's lien was not considered in the distribution of the proceeds from the sale of the 4443 Arbor Lane property.

The proposition of law at issue in this case is set forth by the Supreme Court of Ohio in *Robert V. Clapp Co. v. Fox* (1931), 124 Ohio St. 331, 178 N.E. 586, paragraph one of the syllabus.

. "Mechanics' lien statutes create rights in derogation of the common law and should therefore be strictly construed as to question whether a lien attaches, but their procedural and remedial provisions should be liberally construed, after the lien has been created."

Thirty years after *Robert V. Clapp Co.*, the breadth of this holding was later questioned by the Supreme Court of Ohio in *Gebhart v. United States* (1961), 172 Ohio St. 200, 212, 15 O.O.2d 360, 367, 174 N.E.2d 615, 623. In *Gebhart,* the court observed that "[a]lthough this distinction between strict and liberal construction seems to have come down over the years, the writer questions its accuracy and applicability today." *Id.* at 213, 15 O.O.2d at 367, 174 N.E.2d at 623. Erb contends that the court's criticism in *Gebhart* of its holding in *Robert V. Clapp Co.* effectively overruled that holding with respect to its application in the case before us. We disagree.

The proposition of law set forth in *Robert V. Clapp Co.* was recently reaffirmed by the Supreme Court of Ohio in *Crock Constr. Co. v. Stanley Miller Constr. Co.* (1993), 66 Ohio St.3d 588, 592, 613 N.E.2d 1027, 1030–1031. Erb attempts to distinguish *Crock Constr. Co.* by noting that the issue in that case was whether the plaintiff had complied with former R.C. 1311.26, which required the filing of a sworn and itemized statement of value of labor performed or material furnished in connection with a mechanic's lien on a public works project. See *id.* at 590, 613 N.E.2d at 1029. Although the case before us concerns the application of R.C. 1311.06 rather than R.C. 1311.26, we conclude that the Ohio Supreme Court's reaffirmation of its holding in *Robert V. Clapp Co.* confirmed its acceptance of the proposition that *all* mechanic's liens statutes should be strictly construed concerning whether, and up to the point that, a lien is created, but

should be liberally construed concerning procedural and remedial provisions after the lien has been created. Our recognition of the continued authority of *Robert V. Clapp Co.* is consistent with this court's previous rulings on the matter. See *Brown v. Pearson* (June 30, 1995), Champaign App. No. 94 CA 24, unreported, 1995 WL 386907; *Drax Services, Ltd. v. Webb/Henne Dayton Arcade Ctr.* (May 27, 1994), Montgomery App. No. 13794, unreported, 1994 WL 220394. Accordingly, we consider *Robert V. Clapp Co.* to be relevant authority in the case before us.

Erb also argues that R.C. 1311.22 supersedes the Supreme Court of Ohio's holding in *Robert V. Clapp Co.* R.C. 1311.22 states as follows:

"Section 1311.01 to 1311.22 of the Revised Code are to be construed liberally to secure the beneficial results, intents, and purposes thereof; and a substantial compliance with those sections is sufficient for the validity of the liens under those sections, provided for and to give jurisdiction to the court to enforce the same."

Based upon this language, Erb contends that R.C. 1311.22 mandates liberal interpretation of the mechanic's lien statutes and is therefore contrary to the Supreme Court's holding in *Robert V. Clapp Co.*[2]

We note that Erb's argument is very similar to the position advanced by the court of appeals in *Crock Constr. Co.* See 66 Ohio St.3d at 592, 613 N.E.2d at 1030–1031. In that case, the court of appeals determined that R.C. 1311.26 should be liberally construed in light of the former R.C. 1311.24 (now R.C. 1311.22). However, the Supreme Court of Ohio found that "[t]he interpretation given by the court of appeals to the provisions of R.C. 1311.26 is not consistent with prior case law established by this court," namely the case law established in *Robert V. Clapp Co.* and *C.C. Constance & Sons v. Lay* (1930), 122 Ohio St. 468, 469, 172 N.E. 283, 283–284. *Crock Constr. Co.*, 66 Ohio St.3d at 592, 613 N.E.2d at 1030–1031. Following this reasoning, we conclude that R.C. 1311.22 is not contrary to the holding of *Robert V. Clapp Co.*[3]

In light of *Crock Constr. Co.*, we conclude that the mechanic's lien statutes should be strictly construed with respect to the creation of a lien. Accordingly, we must now determine whether Erb's failure to correctly identify the owner of

---

2. At least one court would implicitly agree with Erb's argument that R.C. 1311.22 requires a liberal interpretation of all mechanic's lien statutes. See *Balco Corp. v. D.H. Overmyer Co.* (1975), 43 Ohio App.2d 157, 160, 72 O.O.2d 364, 365, 334 N.E.2d 484, 486.

3. We recognize that the court's holding in *Crock Constr. Co.* is not conclusively binding in the case before us because R.C. 1311.26, unlike R.C. 1311.06, is not specifically within the scope of the former R.C. 1311.24 (now R.C. 1311.22). Still, the court's recognition of the continued authority of *Robert V. Clapp Co.* and its rejection of the plaintiff's expansive interpretation of the former R.C. 1311.24 (now R.C. 1311.22) persuades us to reject Erb's argument that we should interpret all mechanic's lien statutes liberally.

the 4443 Arbor Lane property in its affidavit for mechanic's lien is fatal to its claim.

This very issue was squarely addressed by the court of appeals in *Fairfield Ready Mix v. Walnut Hills Associates, Ltd.* (1988), 60 Ohio App.3d 1, 2, 572 N.E.2d 114, 115. In *Fairfield Ready Mix,* the court of appeals found that the incorrect name of the property owner in an affidavit for mechanic's lien violated R.C. 1311.06 and was fatal to the attachment of that lien.

"In the instant case, the plaintiff filed an affidavit in an attempt to create a mechanic's lien. R.C. 1311.06(A) states that the name of the owner of the property must be included in the affidavit to create a lien on that property. The plaintiff failed to strictly adhere to the statute when it listed the incorrect party as the owner of the property in the affidavit. For this reason, the lien is invalid." *Id.* In short, the court of appeals rejected that plaintiff's liberal interpretation of R.C. 1311.06 and strictly construed the statute. *Id.*

In its appellate brief, Erb distinguishes *Fairfield Ready Mix* by noting that the name used in the affidavit by the plaintiff in that case was completely unrelated to the actual owner's name, both in syntax and in commercial relationship. In the case before us, Erb argues that the name "Mike Hurren" is similar to the name "Hurren Builders, Inc." and that Mike Hurren is, in fact, the president, owner, and statutory agent of Hurren Builders, Inc. Although the name mistakenly used by Erb has perhaps a more logical relationship to the correct owner's name than the mistaken name used by the plaintiff in *Fairfield Ready Mix,* we will not, from this fact alone, ignore the holding of that case. Strict application of R.C. 1211.06 requires the correct name of the owner of the property, and we will not interpret the name "Mike Hurren" to be an equivalent substitute for the name "Hurren Builders, Inc."

In further support of its argument, Erb directs us to *Queen City Lumber Co. v. O.G. Enterprise, Inc.* (Mar. 30, 1983), Hamilton App. No. C–820440, unreported, 1983 WL 8761, in which the court of appeals held that the incorrect name "O.G. McGee Enterprises, Inc." was sufficient to satisfy R.C. 1311.06, even though the true owner's name was "O.G. Enterprise, Inc.," because the incorrect name contained the full correct name of the true owner, even though it also included the superfluous surname of the corporation's president. Even if we were to apply the creative reasoning of *Queen City Lumber Co.* in the case before us, we would find that the name "Mike Hurren" does not contain the full correct name of the owner, "Hurren Builders, Inc." In short, the name of the president, owner, and statutory agent of the owner of the property does not satisfy the strict requirement of R.C. 1311.06.

Erb's sole assignment of error is overruled.

## III

With respect to Cole's request for attorney fees and costs pursuant to App.R. 23, we find that Erb's appeal is not frivolous in that the Supreme Court of Ohio has not directly addressed the issue before us and prior case law is not entirely consistent in this matter. Accordingly, we overrule Cole's request.

## IV

Erb's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GRADY and FREDERICK N. YOUNG, JJ., concur.