William and Esther Bein appeal from a foreclosure entered in favor of PGP, Inc., a carpentry subcontractor, in connection with renovations done on their home located at 2448 Beachwood Boulevard in Beachwood, Ohio and from a $3,354.45 judgment entered against them in favor of Woodhill Supply, Inc., arising out of the installation of a whirlpool spa in their home.
The Beins contend on appeal that the court erred when it granted summary judgment on their claim against the general contractor, Steve Slomovitz dba M S Masonry, Inc., when it determined that PGP, Inc. had perfected its mechanics lien and allowed it to be asserted against their property, and when it concluded that Esther Bein had separately contracted for and received shipment of the whirlpool tub. After consideration of the facts and the law, we reject these contentions and affirm the judgment of the trial court.
The record reveals that on July 21, 1991, the Beins contracted to renovate the home that Esther Bein had owned jointly with Max Szer, her late father. It is unclear from the record before us whether M S Masonry, Inc. or Steve Slomovitz acted as the general contractor because the contract is written on a corporate proposal form, but is signed by Steve Slomovitz who is neither an officer or a director of that corporation. In October 1991, Woodhill contracted to and did install a whirlpool spa in the Bein home. Because of non-payment, Woodhill commenced this action to recover the cost of that spa. The Beins deny owing any money to Woodhill and in response to the complaint, filed a cross-claim against Slomovitz claiming they paid him for the cost of the whirlpool installed in their home. Slomovitz moved for summary judgment arguing Woodhill's complaint failed to state a claim against him; the Beins filed a third-party complaint against M S Masonry, Inc. in this case on February 3, 1997, but never obtained service of their complaint.
The court, in turn, granted Slomovitz's motion for summary judgment on two occasions: once on February 25, 1997, because none of the parties objected to his motion and again, on November 14, 1997, after the Beins filed and the court granted their motion to vacate that judgment which reinstated Slomovitz in the case.
The court then referred the matter to a magistrate who, interalia, made the following findings: the Beins' third-party complaint against M S Masonry, Inc., failed for lack of service; the contract for renovations to the premises totaled $115,000.00; M S Masonry, Inc. acted as the general contractor; Esther Bein ordered the whirlpool from Woodhill; and PGP provided carpentry work at the Beins' residence and properly filed and served a mechanic's lien. Further, the magistrate determined that the Beins owed Woodhill $3,577.45 and that PGP had perfected its lien and recommended the court enter those judgments.
Thereafter, the Beins filed objections to the magistrate's decision. The trial court adopted the magistrate's decision and entered judgment against the Beins on Woodhill's complaint for $3,354.45 and a decree of foreclosure in favor of PGP, the carpentry subcontractor, who claimed $6,000 for work it had done in the home. The Beins appeal from that judgment and raise four assignments of error for our review. The first assignment of error states: I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING STEVE SLOMOVITZ, DBA M S MASONRY'S MOTION FOR SUMMARY JUDGMENT ON OR ABOUT FEBRUARY 25, 1997 AND NOVEMBER 14, 1997 IN THAT A GENUINE ISSUE EXISTED FOR TRIAL.
The Beins urge the trial court erred by granting summary judgment in favor of Steve Slomovitz dba M S Masonry, Inc. Neither Woodhill or PGP address this assignment of error. Thus, the issue presented for our review is whether the trial court properly granted summary judgment in this instance.
Civ.R. 56(C) concerns summary judgment and provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
A review of the record indicates that Woodhill had named Steve Slomovitz dba M S Masonry, Inc. in its complaint, but the court granted summary judgment to Slomovitz because Woodhill's complaint failed to state a cause of action against him. The record further reveals that the Beins' filed a cross-claim against Slomovitz dba M S Masonry, Inc., and also filed a third-party claim against M S Masonry, Inc. That third party complaint failed for lack of service. The court granted summary judgment in favor of Slomovitz on the cross-claim. Despite the Beins' complaint that these decisions have precluded them from prosecuting their claim against Slomovitz, no genuine issue of material fact exists either that M S Masonry Inc. had not been made a party to this case, or that Slomovitz acted at all times on behalf of that entity.
An agent acting on behalf of a fully disclosed principal is not liable on a contract between the principal and a third party.See Grigsby v. O.K. Travel (1997), 118 Ohio App.3d 671; MarkPeterson Dental Laboratory, Inc. v. Kral (1983), 9 Ohio App.3d 163. In this case, Steve Slomovitz executed the contract with Bein on behalf of M S Masonry, Inc. There was no undisclosed agency. Therefore, we conclude the trial court did not err when it granted judgment in favor of Slomovitz. Accordingly, this assignment of error is overruled.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS CONCLUSION THAT DEFENDANT PGP, INC., HAS COMPLIED WITH ALL REQUIREMENTS TO PERFECT ITS MECHANICS LIEN.
The Beins, citing Fairfield Ready Mix v. Walnut Hills Assoc.,Ltd. (1988), 60 Ohio App.3d 1, argue that the trial court erroneously determined PGP perfected its lien because PGP failed to properly identify the general contractor in its affidavit. PGP contends that it properly filed its lien. The issue here, then, concerns whether the trial court correctly determined that PGP had perfected its lien.
In Fairfield, the court stated:
 In the instant case, the plaintiff filed an affidavit in an attempt to create a mechanic's lien. R.C. 1311.06(A) states that the name of the owner of the property must be included in the affidavit to create a lien on that property. The plaintiff failed to strictly adhere to the statute when it listed the incorrect party as the owner of the property in the affidavit. For this reason, the lien is invalid. * * *.
See, also, Hoppes Builders and Dev. Co. v. Hurren Builders (1996), 188 Ohio App.3d 210[118 Ohio App.3d 210], where the court followed Fairfield and invalidated a mechanic's lien that failed to properly identify the property owner.
In Knapp v. Edward Laboratories (1980), 61 Ohio St.2d 197, the court stated:
 The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * *. This principle is recognized in App.R. 9(B), which provides, in part, that "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
In this case, the Beins do not contest that PGP listed the correct property owner, but rather they assert that PGP named Slomovitz as the general contractor, but should have identified M S Masonry, Inc., as such. We are precluded from reviewing this assignment of error, however, because the lien filed by PGP is not part of the record before us and no transcript has been filed to permit us to review the determination of the trial court on this issue. In accordance with Knapp, we are required to presume regularity of the trial court's decision. Accordingly, this assignment of error is overruled.
The third and fourth assignments of error will be considered together. They state:
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT IN ITS DECISION LIMITING THE ENFORCEMENT OF THE LIEN TO THE SUM OF $11,000.00.
 IV. THE TRIAL COURT ERRED IN ITS CONCLUSION THAT APPELLANT, ESTHER BEIN, SEPARATELY CONTRACTED FOR AND RECEIVED SHIPMENT OF THE WHIRLPOOL TUB IN THAT SUCH CONCLUSION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The Beins urge that the trial court erred in limiting the enforcement of the lien amount to $11,000, and the court's determination that Esther Bein contracted with Woodhill is against the manifest weight of the evidence.
As to the third assignment of error, PGP contends the court properly determined the lien amount based on the contract price of $115,000. Woodhill addresses the fourth assignment of error and maintains that the court correctly determined that Esther Bein contracted with it for the whirlpool.
These assignments of error cannot be reviewed by this court because the Beins have not supplied those portions of the transcript which demonstrate the error claimed on appeal. See, App.R. 9(B). Here, the record neither establishes the contract price for the renovations nor permits us to determine who contracted with Woodhill for the whirlpool spa. In accordance with Knapp, we must presume regularity in the trial court. Thus, these assignments of error are not well taken, and we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., and ANNE L. KILBANE, J., CONCUR.
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE