[Cite as *SRS Distrib., Inc. v. Axis Alliance, L.L.C.*, 2020-Ohio-1529.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| SRS DISTRIBUTION, INC. | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28607 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-4170 |
| | : | |
| AXIS ALLIANCE, LLC c/o MATTHEW | : | (Civil Appeal from |
| COFFMAN REG. AGENT, et al. | : | Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of April, 2020.

. . . . . . . . . . .

PATRICK M. SNEED, Atty. Reg. No. 0002309, 2300 Marquis Two Tower, 285 Peachtree Center Avenue N.E., Atlanta, Georgia 30303
and
MICHAEL A. SNYDER, Atty. Reg. No. 0069425 and MARCUS A. MILLER, Atty. Reg. No. 0096597, 41 South High Street, Suite 2400, Columbus, Ohio 43215
        Attorneys for Plaintiff-Appellant

ROBERT C. WOOD, Atty. Reg. No. 0071861, 68 North High Street, Building B, Suite 202, New Albany, Ohio 43054
        Attorney for Defendants-Appellees, Axis Alliance, LLC c/o Matthew Coffman Reg. Agent, et al.

JOSHUA A. KOLTAK, Atty. Reg. No. 0078164, 100 South Main Avenue, Suite 300, Sidney, Ohio 45365
        Attorney for Defendant-Appellee, Ohio Farmers Insurance Company

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** SRS Distribution Inc. dba Midwest Roofing Supply ("SRS") appeals from the trial court's October 17, 2019 judgment sustaining Ohio Farmers Insurance Company's ("OFIC") motion for summary judgment on SRS's claim on a bond and overruling SRS's motion for summary judgment. We hereby affirm the judgment of the trial court.

**{¶ 2}** On September 7, 2018, SRS filed a complaint against Axis Alliance, LLC, ("Axis"), Matthew Coffman, who is the registered agent of Axis, and OFIC, the surety on the bond. The complaint alleged that on or about September 15, 2015, Axis executed a credit application and agreement to open a business charge account with SRS. The same day, Coffman executed a personal guarantee. Copies of the agreement and the personal guarantee were attached to the complaint. SRS alleged that, pursuant to the agreement, it sold and delivered materials to Axis through distribution centers up to and through April 5, 2018. SRS also alleged that, as of September 6, 2018, a balance of $156,961.57 was due from Axis, which included a principal amount of $140,595.39 and interest of $16,366.18, plus interest that continued to accrue. An account statement was attached to the complaint, as well as a written demand for payment from Axis and Coffman.

**{¶ 3}** Related to the claim on bond against OFIC, the complaint alleged that SRS provided roofing material for improvements made to property located on David Road (the "School of Advertising" property) and owned by Advertising Art Educational Services, Inc. According to the complaint, SRS first furnished materials for the School of Advertising Property on September 21, 2017, and last furnished materials on November 3, 2017. The complaint alleged that Ferguson Construction Company ("Ferguson") was the prime contractor with respect to the improvements, and Axis was a subcontractor. Pursuant

to R.C. 1311.06, on or about January 18, 2018, SRS recorded an affidavit of mechanic's lien with the Montgomery County Recorder. On February 27, 2018, Ferguson filed an Application for Approval of Bond Discharging Mechanic's Lien in the Montgomery County Common Pleas Court (Montgomery C.P. No. 2018-CV-921). On March 14, 2018, the Court entered its Order of Approval of Bond, which substituted the bond for the mechanic's lien. A copy of the mechanic's lien and the order substituting the bond were attached to the complaint. According to the complaint, OFIC was the surety on the bond.

{¶ 4} On October 4, 2018, OFIC filed a motion to dismiss SRS's complaint for failure to state a claim upon which relief could be granted, asserting that SRS failed to comply with R.C. 1311.06(B)(3) with respect to the filing of the lien. SRS responded to the motion on October 18, 2018.

{¶ 5} On October 22, 2018, SRS, with leave of court, filed an amended complaint, in which it alleged that the last day materials were furnished to Axis was November 7, 2017. It attached Exhibit H, a Midwest Roofing Supply "Delivery Ticket" for "galvanized Roof Hatch," with a handwritten delivery date of "11-7."

{¶ 6} Axis and Coffman filed an answer on October 29, 2018, and an amended answer on October 31, 2018. On March 28, 2019, a consent judgment was filed which stated that SRS, Axis, and Coffman had agreed that judgment should be rendered for SRS on Counts One, Two, Three, and Five of the complaint.

{¶ 7} OFIC filed a motion for summary judgment with respect to Count Four on August 22, 2019. OFIC asserted that, "according to the averments in the affidavit for mechanic's lien, SRS recorded the lien at least 76 days after the last day materials were furnished for the project. According to OFIC, "Ohio law requires strict interpretation of

mechanic's lien statutes until a lien is created, but a liberal interpretation and remedial interpretations after the lien had been created." OFIC cited *Hoppes Builders and Dev. Co. v. Huron Builders, Inc.*, 118 Ohio App.3d 210, 211, 692 N.E.2d 622 (2d Dist.1996). OFIC further asserted that "a plaintiff cannot prevail on its claim against the bond if the underlying mechanic's lien is defective," and pursuant to R.C. 1311.06(B)(3), "an Affidavit of Mechanic's Lien on a non-residential, non-gas or oil well construction project 'shall' be recorded within seventy-five * * * days from the date on which the last of the labor or work was performed or material furnished by the person claiming the lien." OFIC asserted that SRS had failed to record its mechanic's lien within the time limit of 75 days. OFIC contended that, even if the last day of furnishing materials was in fact November 7, 2017, "Ohio courts examine the face of mechanic's lien affidavits to determine their legality" pursuant to R.C. 1311.06, without resorting to parol evidence, and SRS's "claim against OFIC's bond" failed as a matter of law.

{¶ 8} SRS filed its motion for summary judgment on September 3, 2019. It claimed that it filed its Affidavit of Mechanic's Lien within 75 days of "its date of last furnishing" and SRS was entitled to judgment as a matter of law on its claim on the bond. SRS asserted that its "last furnishing" on this project actually occurred on November 7, 2017, and the lien affidavit "inadvertently misidentified [SRS's] date of last furnishing as November 3, 2017." SRS asserted that, in recent years, Ohio courts have recognized that "by its own terms Ohio lien law is remedial and should be applied so as to ensure that the purpose and intention of lien statutes are recognized and enforced." According to SRS, the "long-recognized purpose behind lien law is to protect the wage earner, the furnisher of materials, and contractors whose work, goods, and skill created the structures

to which lien[s] attach." Citing *Burroughs Framing Specialists, Inc. v. 505 W. Main St., LLC*, 2014-Ohio-3961, 18 N.E.3d 1253 (6th Dist.), SRS asserted that Ohio courts have upheld lien claims by claimants who substantially complied with lien law requirements or who could show by a greater weight of the evidence that their lien was valid, despite inadvertent errors on the face of their lien."

{¶ 9} SRS directs our attention to the affidavit of Michael McSparron, which stated:

Plaintiff's Affidavit for Mechanic's Lien, executed by its then-Regional Financial Services Manager Michael McSparron, contains an inadvertent error in the identification of the last date on which [SRS] furnished materials for improvements to the School of [Advertising] Property that was a clerical oversight resulting from the change in furnishing of the final material, the roof hatch, from a will-call pick up on November 3, 2017 to a delivery at the job site on November 7, 2017. * * * As the party requesting this change, [Axis] was certainly aware of the same.

{¶ 10} In its motion for summary judgment, SRS asserted that it had presented evidence sufficient to establish that its last date of furnishing on this project was November 7, 2017, and OFIC had failed to rebut that evidence. Thus, SRS asserted that, despite the inadvertent error, its lien was valid and its claim against the bond posted by OFIC should be granted as a matter of law.

{¶ 11} Each party responded to the other's motion for summary judgment.

{¶ 12} The trial court ruled in favor of OFIC and against SRS. It held

Pursuant to R.C. 1311.06, the Mechanic's Lien affidavit at issue in this case was required to be filed within seventy-five days from the date on

which the last of the labor or work was performed or material was furnished by Plaintiff. As OFIC correctly states, the Second District Court of Appeals recognized that "the Ohio Supreme Court's reaffirmation of its holding in *Robert v. Clapp Co.* confirmed its acceptance of the proposition that **all** mechanics liens statutes should be strictly construed concerning whether, and up to the point that, a lien is created, but should be liberally construed concerning procedural and remedial provisions **after** the lien has been created.["] *Hoppes Builders & Dev. Co. v. Hurren Builders*, 118 Ohio App.3d 210, 213-14 (2d Dist. 1996) (emphasis added). The Second District reiterated this position in *Carey Elec. Co. v. [ABF] Freight Sys.*, [2d Dist.] Montgomery No. 17335, 1999 Ohio App. Lexis 3704 (Aug. 13, 1999), holding that a lien was invalid due to failure to comply with R.C. 1311.05 and R.C. 1311.19.

Here, the Affidavit for Mechanics' Lien states that "[t]he last of the labor or work was performed or material was furnished on 11/03/2017." See Ex. A to *OFIC's Motion for Summary Judgment*. As the parties each seem to acknowledge, and as evidenced by the affidavit, the lien was recorded on January 18, 2018 – seventy-six days following the last day Plaintiff represented that materials were furnished. Further, although Plaintiff claims that the use of November 3, 2017, rather than November 7, 2017, was an inadvertent mistake, it was required to strictly comply with the statutory requirements for mechanics' liens, which includ[e] the time period set forth for filing such liens. Notably, the Second District has made it clear

that strict compliance is required before the lien is created. *Hoppes, supra*, (holding that R.C. 1311.06(A) addresses the procedure for creating a valid mechanics' lien and failure to comply with that procedure precludes the creation of a valid lien.) It is only after the valid creation of the lien that substantial compliance with the statutes is acceptable. *Id.* In the present case, Plaintiff failed to comply with R.C. 1311.06(A) because it did not establish in its affidavit that the last day of furnishing material to the Property was within the statutorily proscribed [sic] time limit. Accordingly, a valid lien was never created, and substantial compliance is insufficient.

{¶ 13} SRS appeals, raising two assignments of error which we will consider together:

THE TRIAL COURT ERRED BY FINDING THAT SUBSTANTIAL COMPLIANCE WITH OHIO'S LIEN STATUTE IS INSUFFICIENT FOR THE CREATION OF A MECHANIC'S LIEN,

THE TRIAL COURT ERRED BY FINDING THAT A VALID MECHANIC'S LIEN WAS NEVER CREATED.

{¶ 14} As this Court has noted:

Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party

carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293, 662 N.E.2d 264; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* " '[A] non-movant's own self-serving assertions, whether made in an affidavit, deposition or interrogatory responses, cannot defeat a well-supported summary judgment [motion] when not corroborated by any outside evidence.' " *Schlaegel v. Howell*, 2015-Ohio-4296, 42 N.E.3d 771, ¶ 23 (2d Dist.), quoting *White v. Sears, Roebuck & Co.*, 10th Dist. Franklin No. 10AP-294, 2011-Ohio-204, ¶ 9. Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine the

evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8, citing *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997).

*Nicoll v. Centerville City Schools*, 2018-Ohio-36, 102 N.E.3d 1212, ¶ 10-12 (2d Dist.).

{¶ 15} Ohio's mechanic's lien law is set forth in R.C. Chapter 1311. R.C. 1311.06 provides in relevant part:

(A) Any person, or the person's agent, who wishes to avail self of sections 1311.01 to 1311.22 of the Revised Code, shall make and file for record in the office of the county recorder in the counties in which the improved property is located, an affidavit showing the amount due over and above all legal setoffs, a description of the property to be charged with the lien, the name and address of the person to or for whom the labor or work was performed or material was furnished, the name of the owner, part owner, or lessee, if known, the name and address of the lien claimant, and the first and last dates that the lien claimant performed any labor or work or furnished any material to the improvement giving rise to the claimant's lien. If the affidavit is recorded, the omission or inaccuracy of any address in the affidavit does not affect its validity. The affidavit may be verified before any person authorized to administer oaths, whether agent for the owner, part owner, lessee, lien claimant, or an interested or other party.

(B) The affidavit shall be filed within one of the following periods:

* * *

(3) If the lien is one not described in division (B)(1) or (2) of this section, within seventy-five days from the date on which the last of the labor or work was performed or material was furnished by the person claiming the lien.

{¶ 16} We conclude that the trial court correctly found in this case that a valid lien was never created, and substantial compliance was insufficient. "Mechanics' lien statutes create rights in derogation of the common law and should therefore be strictly construed as to the question whether a lien attaches, but their procedural and remedial provisions should be liberally construed, *after the lien has been created.*" (Emphasis added.) *Robert V. Clapp Co. v. Fox*, 124 Ohio St. 331, 178 N.E. 586 (1931), paragraph one of syllabus. As this Court has noted, the proposition of law set forth in *Clapp* was reaffirmed by the Supreme Court of Ohio in *Crock Constr. Co. v. Stanley Miller Constr. Co.*, 66 Ohio St.3d 588, 592, 613 N.E.2d 1027 (1993). *Hoppes,* 118 Ohio App.3d 210, 213, 692 N.E.2d 622 (1996)

{¶ 17} At issue in *Crock* was whether the plaintiff had complied with former R.C. 1311.26, which required the filing of "a sworn and itemized statement of value of labor performed or material furnished in connection with a mechanic's lien on a public works project." *Id.* at 213*.* In *Crock,* "the court of appeals determined that R.C. 1311.26 should be liberally construed in light of the former R.C. 1311.24 (now R.C. 1311.22)." (Parenthetical sic.) *Id.* at \*214. R.C. 1311.22 provides: "Sections 1311.01 to 1311.22 of the Revised Code are to be construed liberally to secure the beneficial results, intents, and purposes thereof; and a substantial compliance with those sections is sufficient for

the validity of the liens under those sections, provided for and to give jurisdiction to the court to enforce the same."

{¶ 18} We also noted in *Hoppes* that the Supreme Court of Ohio found that the court of appeals' interpretation of the provisions of R.C. 1311.26 in *Crock* was "not consistent with prior case law established by this court," namely with its holding in *Clapp*. *Id.* We further concluded that R.C. 1311.22 was not contrary to the holding of *Clapp*. *Id.* Pursuant to *Crock*, we concluded that "the mechanic's lien statutes should be strictly construed with respect to the creation of a lien." *Id.*

{¶ 19} As this Court has further noted:

*Hoppes* * * * thoroughly considered the issue of whether the mechanics' lien statutes should be strictly construed. Notably, the claim in *Hoppes* was that a materialman should be allowed to recover a portion of proceeds from a foreclosure sale because the materialman had substantially complied with the requirements for a lien affidavit under R.C. 1311.06(a). [*Hobbes*] at 212, * * *. In this regard, the affidavit from the materialman had incorrectly identified the president, owner, and statutory agent of a company as the owner of the property to be improved. However, the company, itself, was the property owner of record. [*Id.*] at 211 * * *. Instead of letting "substantial compliance" suffice, we found the lien invalid because the materialman had not strictly complied with the requirements of the statute. *Id.* at 215-16 * * *.

As we stressed, our decision in *Hoppes* was based on established principles for evaluating mechanics' liens. Further, the law in this area has

remained essentially unchanged after *Hoppes.* Accordingly, we see no reason to use a different standard to assess the validity of mechanics' liens. For these reasons, as well as those outlined previously, we reject the proposition that Ohio law uses or should use a standard of substantial compliance in connection with service requirements.

*Carey Elec. Co. v. ABF Freight System, Inc.*, 2d Dist. Montgomery No. 17335, 1999 WL 958476, *8 (Aug. 13, 1999).

{¶ 20} This issue was further addressed in *Mark's Trucking and Excavating, Inc. v. Oxi Oil Corp.*, 9th Dist. Summit No. 13362, 1988 WL 38088, *1 (Apr. 13, 1988), as follows:

This issue in this mechanic's lien case is whether a claimholder may be permitted to supply, by parol evidence, a different date of performance, when the face of the affidavit for mechanic's lien states a date of performance which makes the lien untimely filed. Because we hold that parol evidence may not be offered to cure the deficient affidavit, we affirm.

{¶ 21} We agree with OFIC that *Burroughs*, 2014-Ohio-3961, 18 N.E.3d 1253, upon which SRS relies, "directly conflicts with the decisions of this Court." Therein, the "appellant's affidavit set forth all of the information required by R.C. 1311.06, although there was a clerical error with the year that the work was performed." *Id.* at ¶ 31. The Sixth District determined as follows:

* * * The affidavit was signed by appellant's president on February 10, 2012, and was filed on February 17, 2012, yet the dates when the work was first and last performed were set forth as May 6, 2012 and December

15, 2012. Clearly, the work could not have been performed and completed after the affidavit was signed and filed. There was no dispute about when the work was performed. Given that R.C. 1311.22 provides that substantial compliance with the mechanic's lien statutes is sufficient for a valid lien and it is evident that appellant's affidavit is in substantial compliance with the requirements of R.C. 1311.06, we find that appellant's mechanic's lien is valid.

*Id.* at ¶ 31.

{¶ 22} Michael McSparron's Affidavit for Mechanic's Lien provided in part: "The first of the labor or work was performed or material was furnished on 09/21/2017. The last of the labor or work was performed or material was furnished on 11/03/2017 * * *."

{¶ 23} In his affidavit attached to the motion for summary judgment, Michael McSparron averred in part as follows:

4.   I make this Affidavit to clarify an inadvertent error contained in Midwest Roofing's Lien.

* * *

7.   On or about January 15, 2018, I executed the Lien.

8.   The Lien states that "The last of the labor or work was performed or material was furnished on 11/03/17 . . ." which, at the time of my execution of the Lien, I believed to be true.

9.   The date of last furnishing identified in the Lien is based on the date reflected on Midwest Roofing's Invoice Number 10197039-001, which was the Last Invoice for materials sold by Midwest Roofing to Defendant

Axis Alliance, LLC ("Axis") for use on the subject property located at 1725 E. David Road * * *.

10. Subsequent to the Lien being recorded, I learned that Midwest Roofing's last furnishing for improvements to the School of Advertising Property did not occur until November 7, 2017, four days after the date of last furnishing identified in the Lien.

11. It is my understanding that the later furnishing date of November 7, 2017 occurred as a result of Axis' request that the material be changed from a will-call pick up by Axis to a Midwest Roofing delivery at the jobsite, the School of Advertising Property.

* * *

13. The correct date of last furnishing of materials by Midwest Roofing for improvements to the School of Advertising Property against which Midwest Roofing's Lien attached is November 7, 2017.

{¶ 24} It is clear from the record before us that the lien herein is invalid as a matter of law because SRS failed to comply with R.C. 1311.06(A), as strictly construed, since the January 18, 2018 mechanic's lien was recorded 76 days after the last day that SRS represented that materials were furnished. We decline SRS's invitation to adopt the Sixth District's substantial compliance analysis.

{¶ 25} SRS's assigned errors are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.


Copies sent to:

Patrick M. Sneed
Michael A. Snyder
Marcus A. Miller
Robert C. Wood
Joshua A. Koltak
Hon. Dennis J. Adkins