Pollock, J.
This is an action in error and is brought to reverse a judgment obtained by Minnie Gorz against The Mahoning Valley Railway Company in the common pleas court of this county.
Minnie Gorz, the plaintiff below, was a resident of the city of Youngstown, and on the afternoon of October 17, 1915, her daughter, Mrs. Pritchard, with her child two years old, was visiting her.
About nine o’clock in the evening, the daughter wishing to go home, Mrs. Gorz took the child in her arms and in company with Mrs. Pritchard walked down Berlin street to Federal street, upon which street The Mahoning Valley Railway Company, the defendant below, maintained its tracks and operated passenger cars by electricity. They signaled an approaching car, which, when it reached the intersection of Berlin and Federal streets, stopped, and four passengers alighted. This was a regular and usual stop for the discharge and receiving of passengers.
After these passengers alighted Mrs. Gorz set the child on the rear platform of the car, and just as she set the child down, and before she had released her hold on it, the car started and continued until it crossed Berlin street.
Mrs. Gorz claims that when the car started it was started with a jerk, and that she was thrown down on the steps of the car with her feet hanging over the steps and dragged in that way across the street to where the car stopped. She did not intend to become a passenger on the car; she only intended placing the child on the platform and then withdrawing from the car, allowing the child’s *476 mother, who intended to become a passenger, to take charge of the child.
This was a large car — possibly used in interurban traffic — with a partition across it, the front end being used as a smoking compartment and the rear end being occupied by ladies and other passengers. It had two steps leading down from the rear platform.
The conductor testifies that he was standing in the rear compartment, perhaps near the partition, looking through the windows watching the passengers leave the car; and to see if anyone wished to become a passenger. He testifies that he did not see Mrs. Gorz.
The errors complained of are in the charge of the court, and also that the verdict is excessive. We will direct our attention to errors that occur in the charge.
The court said to the jury that the word “dragged” as used by one or more of the witnesses, and also in the petition, would ordinarily mean that some portion of her body was dragged along the pavement, but he instructed the jury that they were not required to apply so narrow a construction, because, under this pleading, and under the evidence, whether her feet touched the pavement or not, if she was dragged along against her will forcibly by the car — whether she was lying on the car or had grasped hold, of it after it had started — it would be within the meaning of the word “dragged.” No doubt this expression of the court was occasioned by reason of some remarks of counsel during the argument of the case, and the court *477 couples what he says in regard to the petition with the language used by witnesses.
It is required of the court to explain the petition and construe the words or language used therein, but it should be left to the jury to determine the meaning of words and language used by the witnesses while testifying, and the court has no right to direct the jury to give to words used by the witnesses any other than their ordinary meaning, unless the words used had a technical meaning not known or understood ordinarily, and were so used by the witnesses. But the error complained of does not affect the substantial rights of the defendant below and for that reason was not prejudicial.
Again, the court charged the jury, in regard to the damages which the plaintiff below might recover, as follows:
“If she is entitled to recover, she is entitled to recover that fair amount of damages that you say would be to her full compensation for that which you shall determine from the evidence you have before you she has suffered in the sense of damages to her person, as a result of what you have theretofore found was a negligent omission of duty on the part of defendant.”
It is urged that the court erred in using the expression, “full compensation.” Mrs. Gorz was a married woman and there was testimony tending to show that she had received medical attention from two or three doctors, and that she was unable to perform her household duties, such as washing, cooking, baking, etc., and the objection to this charge was that the jury would understand from *478 the language that she had a right to recover for these things.
This objection would be well taken if there was no limitation or explanation of this language in the charge, but, following this language, the court limits the recovery to her pain and suffering and the disability inflicted upon her in the sense of affecting her ability to be up and about and to care for herself. The court by this part of the charge limits full compensation to her personal rights, and the jury could not misunderstand the charge.
It is further urged that the court erred in its charge in regard to the care the railway company owed to Mrs. Gorz. After saying to the jury that this lady was not a passenger, but that the railway company owed a duty toward people who came for the purpose of assisting their friends who had children or baggage in getting on the car, and that that duty was not the high degree of care owed to passengers, but ordinary care, the court used the following language:
“In other words, while they did not know that she was there, yet the law assumes that knowing that she had a legal right to be there the same as their passengers had to be there, although in fact they did not know it, they were bound to exercise every such reasonable precaution for her protection in the situation such as an ordinarily prudent person or corporation ordinarily would, considering all of the situation and surroundings.”
Mrs. Gorz had a right to go out on the street with her daughter' and child, who were intending to become passengers on this car, and the street car company, and others using the street, are required *479 to exercise ordinary care not to injure her. But, if she had remained on the street her injuries would not have occurred. It was only when she entered or placed her body within the car of the railway company that she received her injury. She did not enter this car to become a . passenger, but to place therein this child who would become a passenger by reason of its mother being a passenger.
The testimony does not disclose that there was any rule of the company or any custom permitting persons to enter the car when stopped to receive passengers, for the purpose of assisting passengers who might have either children or baggage, or that it was necessary for Mrs. Gorz to assist her daughter to enter the car by placing this child upon the platform. What she did was only for her own or Mrs. Pritchard’s convenience.
When Mrs. Gorz entered this car as she did, and under these circumstances, the railway company was not required to exercise toward her the degree of care required of it toward its passengers, but it owed her the duty of ordinary care after it was aware of her presence within the car. 3 Thompson on Negligence (2 ed.), Section 2658, and 2 Hutchinson on Carriers (3 ed.), Section 991.
The real question in this case to be determined is the obligation resting upon the railway company to ascertain and know when a person not intending to become a passenger is within its car. There is no testimony that the conductor or anyone in the railway company’s employ knew of Mrs. Gorz’s presence within the car, or that she was in such a position that the starting of the car would injure her.
*480 It was the conductor’s duty to stop the car a sufficient length of time to discharge and receive passengers ; but, in the absence of a practice acquiesced in by the railway company permitting persons who do not intend to become passengers to enter the car in order to give assistance to others who do, the railway company did not owe the duty of detaining its cars to allow such persons to withdraw therefrom unless it knew of their presence therein. Neither was it required to know that all persons, other than passengers, had left the car before starting it. The obligation of the railway company to others than passengers who might be within the car is not an absolute duty but a relative duty, and arises when those in charge of the car know of the presence of such person, or in the exercise of ordinary care should know of their presence. St. Louis & S. F. Rd. Co. v. Lee, 37 Okla., 545, 46 L. R. A., N. S., 357; Hill, Admx., v. L. & N. Rd. Co., 124 Ga., 243, 3 L. R. A., N. S., 432; Morrow v. Atlanta & C. Air Line Ry. Co., 134 N. C., 92, 46 S. E. Rep., 12, and Berry v. L. & N. Rd. Co., 109 Ky., 727, 60 S. W. Rep., 699.
Conductors or those in charge of electric street cars are not required, when a car stops to discharge and receive passengers, to ascertain before starting if persons not intending to become passengers have entered the car, or have placed themselves on the steps of the car in such a position that they may be injured by the starting of the car, but they are chargeable with what they know and with whatever they should see and know in the proper discharge of their duties in operating *481 the car. N. Y., C. & St. L. Ry. Co. v. Kistler, 66 Ohio St., 326.
The court in its charge in the case at bar said that “While they did not know that she was there, yet the law assumes that knowing that she had a legal right to be there the same as their passengers had to be there, although in fact they did not know it,” the railway company was bound to exercise ordinary care.
By this charge the court said to the jury that Mrs. Gorz had a legal right to enter this car, to set the child on the platform, and that the railway company was bound in law to know that she was there, although it in fact did not know it. This would require an electric street car company to know that everyone who did not intend to become a passenger had withdrawn from its car before it could safely start it, and is placing a greater burden upon the company with regard to third persons, than is required with regard to its passengers.
If the conductor knew, or in the exercise of ordinary care should have known, that Mrs. Gorz was within the car placing the child on the platform, he would be required to exercise ordinary care toward her, and in the exercise of that degree of care he should have delayed starting the car until she could withdraw therefrom.
We think that the giving of this instruction was error which requires a reversal of the case. We find.no other errors in the record.

Judgment reversed.

Metcalfe and Farr, JJ., concur,