### HOLMES v J. B. SCHMITT CO et

Ohio Appeals, 1st Dist, Hamilton Co

No 3921. Decided Oct 26, 1931

Oliver S. Bryant, Cincinnati, for plaintiff in error.

Albert H. Winkelman, Robert A. Ludeke, Cincinnati, for defendants in error.

## HAMILTON, J.,

As to the proof, the bill of exceptions discloses that August F. Driemeyer was the agent in the handling of the real estáte of Mrs. Rachel Gaff Holmes, and among her holdings was the building in question. Mrs. Holmes personally did not actively manage the building and employed Driemeyer only as her agent. Driemeyer employed one William Larkcom, a carpenter, to do odd jobs about the buildings, as needed by way of repairs. At the time in question Driemeyer employed William Larkcom to fix the window cords on the building in question, known as the Tri-State Ignition Building. While engaged in the repair of the window cords, Larkcom noted that the hinges on two or three of the shutters were broken, so that the shutters were hanging by one hinge, and that certain anchor rods or bolts used in holding the shutters were bent. He notified Driemeyer, who visited the premises, and told Larkcom to secure new hinges and replace the same where broken and new anchor rods where the same were bent and to replace them. It appears that it was necessary to have these anchor rods and hinges made, and that Egbers and Brother were engaged in this sort of work. Larkcom called upon them and directed them to make these hinges and anchor rods, and to put them on where needed. Drieméyer then left the city on a vacation and did not return until after all the work shown by the account was done.

This is the extent of the authority given to have repairs made, as introduced by the defendant.

The only evidence introduced by the plaintiff to support the contract through the agent was given by George H. Egbers, who testified that he found the shutters in

bad condition; that the wood was decayed in many places; that hooks and hinges could not be attached to rotten wood, and that Larkcom said: "Fix everything that needs fixing". Larkcom denies this absolutely and states that his only interview with the Egbers was two or three times he called on them to urge them to fix the hinges and hooks.

The record shows the Egbers were not carpenters, but were workers of metals. As heretofore stated, their bill for manufacturing metals was $33.15. They admitted they never knew Rachel Gaff Holmes owned the building. They thought they were working for the Gaff estate. The evidence of the Schmitt Company is to the same effect, and their affidavit for mechanic's lien named the Gaff estate, and not Rachel Gaff Holmes as the owner. It is strange indeed that Egbers and Brother on a simple order for making hinges and hooks, with no more knowledge of ownership or authority than appears from their evidence, would proceed to sub-let a contract involving nearly one thousand dollars in repairs, going over the whole building, and neither the principal contractor nor the sub-contractor knowing with whom they were contracting.

It is not denied that Larkcom was directed by Rachel Gaff Holmes' agent, Driemeyer, to have the broken hinges fixed, and to replace fasteners where needed.' Whether he intended that Egbers and Brother should attach the hinges and hooks does not appear. The implied authority to Larkcom would undoubtedly carry the authority to attach the hinges and hooks.

The defendant in error undertakes to justify the contractual relation on the proposition that where certain work is ordered to be done and before that work can be done, certain other preparatory work must first be done, the preparatory work which was not especially ordered is nevertheless considered to be ordered done and its reasonable value must be paid. We are in accord with this view of the law and it is supported by the cases of **Ashley v Henanhan, 56 Oh St 559**, and **Chamberlain v Railroad, 15 Oh St 255.**

Conceding that Larkcom's authority carried with it the authority to contract with Egbers and Brother to make and attach the hinges, hooks, and fasteners, and that this authority carried the authority to Egbers and Brother to contract with the J. B. Schmitt Company to attach the hinges, hooks, fasteners, and anchor rods, it certainly in nowise carries with it the authority to reconstruct and put new linings, new sheet iron and extensive repairs to the shutters of the building. The extent of the authority was that such hinges, hooks, fasteners, anchor rods, etc. as were broken and bent should be replaced. The putting of the frame in condition to hold the hinges, hooks, and anchor rods may be implied under the rule of law herein stated, and this was the extent of the contractual obligation of Rachel Gaff Holmes, through her agent.

We, therefore, find that the judgment is clearly against the weight of the evidence as to the amount for which Rachel Gaff Holmes is liable.

The proof as to the amount of the claim should be limited to the installation of new hinges, hooks, and fasteners, and anchor rods, and the necessary anchorage for the same.

Another point of error stressed is, that the mechanc's lien is not good, for the reason that it describes the owner of the property as the Gaff Estate. This error is not sufficient to invalidate the lien, since the affidavit describes and locates the building specifically, and the ownership is not in dispute, and Driemeyer was the agent of both the Gaff Estate and Rachel Gaff Holmes, as appears of record.

Were the case here on appeal, we would ascertain the value of the services and materials for installing the hinges, hooks, fasteners, and anchor rods and the proper anchorage for the same, and render judgment accordingly. Since the case is here on error, it is necessary to reverse the judgment and remand the case to the court of common pleas for a new trial on the question of the amount of the claim, which is done.

ROSS, PJ, and CUSHING, J, concur.