Buckeye State Hauling, Inc., *v.* Troy et al.

(No. 73CV-09-3321—Decided July 31, 1974.)

Court of Common Pleas of Franklin County.

*Mr. Robert J. Sidman*, for plaintiff.
*Mr. John E. Holsapfel* and *Mr. Gordon P. Shuler*, for defendants.

MARTIN, J. This case has been submitted to the court for a decision as to whether the plaintiff's mechanic's lien is valid and enforceable. The parties' respective briefs urge that a decision in this regard be reached, as a matter of law, based on the following stipulated facts:

"It is stipulated by and between the plaintiff, Buckeye State Hauling, Incorporated, and the defendants, Robert L. Troy and Dorothy C. Troy, and defendant Personal Service Insurance Company that an affidavit for mechanic's lien was filed by the Plaintiff corporation as shown in the affidavit of mechanic's lien record, Volume 61, Page 304, Franklin County Recorder's Office.

"It is further stipulated that the said affidavit of mechanic's lien was filed in proper time and notice duly served upon the defendants, Robert L. and Dorothy C. Troy, and that said affidavit of mechanic's lien would be a valid and lawful lien in all respects, except for the question of the sufficiency of the property description, as set forth herein.

"That thereafter a surety bond of the Personal Service Insurance Company was substituted for the alleged lien and that a suit was duly filed on behalf of the plaintiff against the defendants.

"It is stipulated and agreed that the said affidavit for mechanic's lien contains the following description of premises against which the lien is sought to wit: Chateau Apartments, 4332-4342 Morse Drive, Columbus, Ohio, and that no further identification of the premises is contained in said affidavit.

"It is further agreed and stipulated that the correct address of Chateau Apartments is 4332-4342 Chateau Morse

Drive, Columbus, Ohio 43229, as set forth in the telephone directory of the Ohio Bell Telephone Company at the Zip Code, Street and Community Guide on page fifteen (15).

"It is further agreed and stipulated that there is a Morse Road as set forth at page twenty (20) of said Zip Code, Street and Community Guide in zone twenty-nine (29), and that Morse Road is not one and the same Chateau Morse Drive.

"It is further agreed and stipulated that the Buckeye State Hauling, Incorporated had a contract with Jim O'Neill to furnish the dry wall stipulated to have a reasonable value of three thousand, three hundred, twenty-eight dollars and four cents ($3,328.04) which was delivered to and incorporated in the premises owned by the defendants, Robert L. Troy and Dorothy C. Troy, 4332-4342 Chateau Morse Drive, Columbus, Ohio 43229.

"It is further agreed and stipulated that Jim O'Neill, a dry wall contractor, filed his petition in bankruptcy in the United States District Court, Southern District, Eastern Division of Ohio and has been duly adjudicated as a bankrupt by said court in case number 60231, and that there were no assets to be distributed to general creditors from said bankrupt's estates.

"It is further agreed and stipulated that this court is presented with the sole question of law as to whether the property description contained in the affidavit as filed, and as stipulated herein, is a sufficient description under Ohio law."

The parties are in Agreement as to all facts leading to a decision regarding the validity of the above-described mechanic's lien, with the exception of the legal sufficiency of the land description contained therein.

That description read:

"Chateau Apartments

"4332-4342 Morse Drive

"Columbus, Ohio."

The correct street address of the property in question is:

"Chateau Apartments
"4332-4342 *Chateau* Morse Drive
"Columbus, Ohio." (Emphasis added.)
Plaintiff contends that the hereinafter-emphasized sentence of R. C. 1311.06, which is quoted below in relevant part, mandates a decision that the description in question does not invalidate the affidavit for mechanic's lien.

"Every person or his agent or attorney, whether contractor, subcontractor, materialman, or laborer, who wishes to avail himself of Sections 1311.01 to Section 1311.24, inclusive, of the Revised Code, shall make and file for record in the office of the county recorder in the counties in which said labor was performed or machinery, material, or fuel furnished, an affidavit showing the amount of due over and above all legal setoffs, a description of the property to be charged with a lien, the name and address of the person to or for whom such machinery, material or fuel was furnished and labor performed, the name of the owner, part owner, or lessee, if known, and the name and address of the lien claimant. *If the affidavit is recorded, the omission or inaccuracy of any address therein shall not affect the validity of such affidavit * * *.*" R. C. 1311.06. (Emphasis added.)

The court notes, however, that the above-emphasized sentence of R. C. 1311.06 was added in October 1961, and finds it significant that it was added by the Legislature along with the requirement that the name and address of "* * * the person to or for whom such machinery, material, or fuel was furnished and labor performed * * * and the name and address of the lien claimant * * *" be shown on the affidavit. The above-emphasized sentence clearly applies to those addresses not formerly required and not to the description of the premises toward which the lien is to be applied.

Defendants contend that a mistake in description invalidates a mechanic's lien as a matter of law in Ohio. The case of *Flauto* v. *Kovach* (1928), 6 Ohio App. 476, is cited for this proposition. In that case the property was described as lot No. 302 in the city of Campbell,

county of Mahoning and state of Ohio whereas the property in question was lot No. 306 in the village of East Youngstown, now known as the city of Campbell. Although there is very little discussion of the facts or the applicable law in the *Flauto* decision, that case appears to be distinguishable from the situation at hand. The facts in that case concerned a description which would mislead an interested party to a particular property which was not the property against which the mechanic's lien was sought to be enforced.

There is nothing in the stipulated facts at hand to indicate that an interested party would be led to believe that the lien was on a distinct, incorrect, property. As the description could not mislead to another property, the question may be pursued regarding whether it was sufficient to lead to the correct property. *Grimm Iron Works Co.* v. *Frederick* (1941), 25 O. Ops. 349. See, also, 53 American Jurisprudence 2d 750, Mechanics' Liens, Section 229, Description of Property.

The sufficiency of the description in the recorded affidavit for mechanic's lien is ordinarily a question of fact, not law. That question is not necessarily answered by whether one can identify the property from public records alone, as the description need only be such as to enable one familiar with the locality to find the property by an inspection of the site which is thereby physically described. *Shannon Co.* v. *Wurlitzer* (1932), 45 Ohio App. 194; *Delskamp Paint & Glass Co.* v. *Stotter* (1931), 28 N. P. (N. S.) 451; and *Grimm Iron Works Co.* v. *Frederick, supra.* It is clear from this principle of law that a correct street address is sufficient physical description if it would lead an interested party familiar with the locality to identify the property upon an inspection of the site. It is also clear, as a concomitant thereof, that such an interested party must be responsible for knowing the street address of the property in which he has an interest. The factual question is thereby raised as to whether notice is provided such as to impose a duty to inquire further when a mechanic's lien with the description ''4332-4342 Morse

Drive'' is filed in the County Recorder's Office and there alphabetically indexed under the same owner's name as would be a mechanic's lien correctly describing the same property as ''4332-4342 Chateau Morse Drive.'' In this regard, the court is guided by well-established law as described at 41 Ohio Jurisprudence 2d, Notice, Section 13:

''It is a general rule that whatever puts a party on inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty and would lead to a knowledge of the facts by the exercise of ordinary intelligence and understanding. Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have notice of the fact itself. A person is chargeable with notice, which, from the nature of the transaction, a person of ordinary prudence would necessarily have; and a person cannot shut his eyes or ears to avoid information and then say that he had no notice or knowledge. * * *''

Application of this body of law regarding notice to the factual determination at hand can lead to but one conclusion. A prudent man could not have been misled to believe that the recorded lien was on another property, and would have been put upon inquiry as to the correct address of the property described. This court is so able to find that the challenged description is sufficient as a matter of law because only one conclusion could be reached and further finds that the mechanic's lien here in question is valid. See *Griffith* v. *Rutledge* (1959), 110 Ohio App. 301,