[Cite as *Burroughs Framing Specialists, Inc. v. 505 W. Main St., L.L.C.*, 2014-Ohio-3961.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| Burroughs Framing Specialists, Inc. | Court of Appeals No. OT-14-001 |
| Appellant | Trial Court No. 12CV549E |
| v. | |
| 505 West Main Street, LLC, et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided: September 12, 2014 |

* * * * *

John A. Coppeler, for appellant.

George C. Wilber, for appellees, 505 West Main Street, LLC,
Steven Sapp, and Lisa M. Sapp.

Richard R. Gillum, for appellee, The Citizens Banking Company.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Burroughs Framing Specialists, Inc., appeals the judgment of the

Ottawa County Common Pleas Court denying its motion to correct or amend its

mechanic's lien affidavit and granting the motion for summary judgment of appellees, 505 West Main Street, LLC ("505"), Steven Sapp and Lisa Sapp and the motion for summary judgment of Citizens Banking Company ("Citizens"). Because the trial court erred in granting appellees' motions for summary judgment, we reverse.

{¶ 2} Appellant sets forth the following assignments of error:

1. The trial court erred in denying plaintiff-appellant's motion to correct or amend its mechanic's lien affidavit. In order to promote the object of the mechanic's lien laws, a lien claimant should be permitted to correct a typographical error in the affidavit for lien.

2. The trial court erred in granting the motions of defendants-appellees for summary judgment.

{¶ 3} On February 10, 2012, appellant's president signed an affidavit for mechanic's lien for work appellant performed on property owned by 505 ("the property"). The affidavit states that "[t]he first of the labor or work was performed or material was furnished on the 6th day of May, 2012. The last of the labor or work was performed or material was furnished on the 15th day of December, 2012 * * *." The affidavit was filed for record in Ottawa County, Ohio on February 17, 2012.

{¶ 4} On October 26, 2012, appellant filed its complaint alleging that it contracted with 505, Steven Sapp and Lisa Sapp for work performed by appellant at the property and these appellees owe appellant over $92,000, for which the affidavit for mechanic's lien

2.

was filed.  Appellant alleged in its second claim that these appellees had been unjustly enriched, or alternatively, that it was entitled to recover for its labor and materials on the basis of quantum meruit.  In the third claim, appellant alleged that Citizens and the Treasurer of Ottawa County, Ohio have or may claim a lien upon the property.

{¶ 5} Citizens answered the complaint denying that the mechanic's lien constitutes a lien against the property and averring that the mechanic's lien was invalid on its face. 505, Steven Sapp and Lisa Sapp answered the complaint, denied that the mechanic's lien constitutes a lien against the property and stated that the mechanic's lien was invalid on its face and did not comply with the provisions of the Ohio mechanic's lien statute.  505 also filed a counterclaim alleging that appellant failed to complete the work pursuant to the agreement and appellant converted to its own use 505's personal property.

{¶ 6} Citizens filed a motion for summary judgment on the first and third claims of appellant's complaint.  505, Steven Sapp and Lisa Sapp filed a motion for summary judgment on the first claim of the complaint.  On October 10, 2013, the trial court issued an order granting the motions for summary judgment.  Then on December 9, 2013, the trial court issued an amended decision and order granting the motions for summary judgment and finding that appellant failed to comply with R.C. 1311.06(A) and (B)(3) in that the affidavit for mechanic's lien was incorrect, the affidavit was not filed within 75 days after the last date work was performed and there was no provision for amending or correcting a mistake in the affidavit.  The trial court also determined that there was no just reason for delay.

3.

{¶ 7} Appellant first assigns error of the trial court in denying appellant's motion to correct or amend mechanic's lien affidavit. Appellant contends that it should be permitted to correct the typographical error in its affidavit to reflect that it performed work on the property in 2011, not in 2012. Appellant submits that the affidavit was prepared by its employee in February 2012, although the dates on the affidavit indicate that appellant first performed work on the property on May 6, 2012, and last performed work December 15, 2012. Since these dates had not yet arrived when the affidavit was made in early 2012, appellant argues that the inadvertent, incorrect dates were not used for any improper purpose, such as to bring the lien filing within the statutory lien period.

{¶ 8} In addition, appellant maintains that appellees were fully aware of the work being performed and the dates on which the work occurred as appellees were sent periodic statements for services. Appellant notes that the trial court relied on *State ex rel. Alban v. Kauer*, 116 Ohio App. 412, 416, 188 N.E.2d 434 (10th Dist.1960), in determining that the affidavit could not be amended or corrected, however appellant emphasizes the remedial nature of the mechanic's lien statutes and refers to R.C. 1.11 in support thereof. Appellant seeks to have R.C. 1311.06 liberally construed in order to protect its rights to a lien. Appellant further argues that summary judgment should not have been granted to appellees. Appellant submits that appellees never addressed appellant's breach of contract claims in their motions for summary judgment, therefore the trial court should have only ruled on the issue of the validity of the mechanic's lien affidavit.

4.

{¶ 9} Appellees claim that it is necessary to strictly adhere to the procedural steps in order to create a mechanic's lien and since appellant's mechanic's lien affidavit is defective on its face based on the wrong work dates, the mechanic's lien is not a valid, properly perfected lien. Appellees observe that there is a provision to amend or correct inaccurate information in a mechanic's lien affidavit caused by incorrect information found in a notice of commencement, under R.C. 1311.04, but there is no provision to amend or correct an affidavit due to a typographical error. In addition, appellees maintain that appellant's first claim was properly dismissed for failing to meet the pleading requirements to assert a breach of contract claim. Appellees assert that appellant did not allege a written or oral contract existed with appellees, did not state the terms of the contract or set forth that appellant performed duties under the contract, nor did appellant allege that it suffered any damages as a result of a breach.

{¶ 10} Appellant's second assignment of error, that the trial court erred in granting appellees' motions for summary judgment, will be addressed first.

{¶ 11} We review the trial court's decision on summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). In so doing, we use the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The motion for summary judgment may only be granted when the following are established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as

5.

a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978); Civ.R. 56(C).

## Mechanic's Lien Law

{¶ 12} R.C. Chapter 1311 et seq. set forth Ohio's mechanic's lien law. R.C. 1311.02 provides:

> Every person who performs work or labor upon or furnishes material in furtherance of any improvement undertaken by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate * * * and every person who as a subcontractor, laborer, or material supplier, performs any labor or work or furnishes any material to an original contractor or any subcontractor, in carrying forward, performing, or completing any improvement, has a lien to secure the payment therefor upon the improvement and all interests that the owner, part owner, or lessee may have or subsequently acquire in the land or leasehold to which the improvement was made or removed.

{¶ 13} R.C. 1311.04 states in relevant part:

> (A)(1) Prior to the performance of any labor or work or the furnishing of any materials for an improvement on real property which may

give rise to a mechanics' lien under sections 1311.01 to 1311.22 of the Revised Code, the owner, part owner, or lessee who contracts for the labor, work, or materials shall record in the office of the county recorder for each county in which the real property to be improved is located a notice of commencement in substantially the form specified in division (B) of this section.

* * *

(C) If the notice of commencement furnished by or for an owner, part owner, or lessee contains incorrect information, the owner, part owner, or lessee is liable for any loss of lien rights of a lien claimant and any actual expenses incurred by the lien claimant in maintaining lien rights, including attorney's fees, if the loss and expenses incurred are a direct result of the lien claimant's reliance on the incorrect information.

Any lien claimant who has included incorrect information in the claimant's affidavit for a lien under section 1311.06 of the Revised Code, as a result of incorrect information contained in the notice of commencement, may file for record an amended affidavit for a lien. The amended affidavit shall contain all of the information required by section 1311.06 of the Revised Code for an original affidavit. The lien claimant shall serve a copy of the amended affidavit on the owner, part owner, or lessee as provided in section 1311.07 of the Revised Code. The lien claimant may file the

amended affidavit for record at any time during the time that the lien acquired by the original affidavit continues in effect under section 1311.13 of the Revised Code. In no event shall the amended affidavit extend such time period. The filing of an amended affidavit does not constitute a waiver of the rights granted by this division.

{¶ 14} R.C. 1311.06 states in relevant part:

(A) Any person, or the person's agent, who wishes to avail self of sections 1311.01 to 1311.22 of the Revised Code, shall make and file for record in the office of the county recorder in the counties in which the improved property is located, an affidavit showing the amount due over and above all legal setoffs, a description of the property to be charged with the lien, the name and address of the person to or for whom the labor or work was performed or material was furnished, the name of the owner, part owner, or lessee, if known, the name and address of the lien claimant, *and the first and last dates that the lien claimant performed* any labor or work or furnished any material to the improvement giving rise to the claimant's lien. If the affidavit is recorded, the omission or inaccuracy of any address in the affidavit does not affect its validity. The affidavit may be verified before any person authorized to administer oaths, whether agent for the owner, part owner, lessee, lien claimant, or an interested or other party. (Emphasis added.)

**{¶ 15}** R.C. 1311.22 states:

Sections 1311.01 to 1311.22 of the Revised Code are to be construed liberally to secure the beneficial results, intents, and purposes thereof; and a *substantial compliance* with those sections is sufficient for the validity of the liens under those sections, provided for and to give jurisdiction to the court to enforce the same. (Emphasis added.)

**{¶ 16}** The mechanic's lien statutes are remedial legislation and are designed to protect the wage earner, furnisher of materials and contractor whose work, goods and skill create the structures to which the lien attaches. *See Wayne Bldg. & Loan Co. of Wooster v. Yarborough*, 11 Ohio St.2d 195, 217, 228 N.E.2d 841 (1967); *Gebhart v. U.S.*, 172 Ohio St. 200, 212, 174 N.E.2d 615 (1961).

**{¶ 17}** R.C. 1.11 states that remedial laws "shall be liberally construed in order to promote their object and assist the parties in obtaining justice. The rule of the common law that statutes in derogation of the common law must be strictly construed has no application to remedial laws." R.C. 1.11 has been construed to mean that when possible, a party should win the case based on its merits and not on a procedural matter. *See Baldine v. Klee*, 14 Ohio App.2d 181, 184-185, 237 N.E.2d 905 (11th Dist.1968).

**{¶ 18}** Ohio courts have, over the years, reached different results in their consideration and interpretation of the mechanic's lien statutes, specifically with respect

9.

to the creation of a mechanic's lien.  Some courts have liberally construed these statutes, while a majority of the courts have strictly construed the statutes.  An examination of the pertinent case law follows.

**Statutes Strictly Construed**

{¶ 19} In 1924, the Ohio Supreme Court addressed the mandatory nature of the statutory procedures for the creation of a lien in *Mahoning Park Co. v. Warren Home Dev. Co.*, 109 Ohio St. 358, 142 N.E. 883 (1924).  The court noted that the party's affidavit did not contain a statement which was required by the applicable statute, and found that the statement was "without exception, held to be a condition precedent to the perfection of a lien, from which requirement neither the provision as to liberal construction nor the fact of payment for such material affords relief." *Id.* at 372.

{¶ 20} Then in 1930, the Ohio Supreme Court held that "[o]ur mechanic's lien law contains the provision that the same shall be liberally construed in so far as it is remedial, but this does not justify the relinquishment of a mandatory requirement of the law respecting the perfection of a lien.  This statute confers an extraordinary right in derogation of the common law, and, though liberality with reference to error in procedure is permissible, the steps prescribed by statute to perfect such lien must be followed, and in that respect the law is strictly construed and applied." *C.C. Constance & Sons v. Lay*, 122 Ohio St. 468, 469, 172 N.E. 283 (1930).  The court found that since the party's affidavit did not contain all of the information required by statute, the lien was not legally established. *Id.* at 468-469.

10.

**{¶ 21}** The next year, in *Robert V. Clapp Co. v. Fox*, 124 Ohio St. 331, 178 N.E. 586 (1931), the issue before the court was whether the type of services rendered by an architect caused a mechanic's lien to attach, not whether the steps required by the statute to create the lien were properly followed. The court held that mechanic's lien statutes should be "strictly construed as to the question whether a lien attaches, but their procedural and remedial provisions should be liberally construed, after the lien has been created." *Id.* at paragraph one of the syllabus.

**{¶ 22}** Over 60 years later in *Crock Constr. Co. v. Stanley Miller Constr. Co.*, 66 Ohio St.3d 588, 591-593, 613 N.E.2d 1027 (1993), the court decided that the party's mechanic's lien was invalid because the party's sworn statement did not itemize the charges, as required by statute.

**{¶ 23}** It should be noted that the foregoing Ohio Supreme Court cases are distinguishable from the case before us. In all of the cases except *Clapp*, the lien affidavits failed to set forth all of the information required by statute, and in *Clapp* the sufficiency of the affidavit for mechanic's lien was not in dispute; rather, the issue before the court was whether the type of services rendered by an architect caused a mechanic's lien to attach. In the case before us, the affidavit contained all of the information required by statute to create a mechanic's lien, although there was a clerical error with the year that the work was first and last performed by appellant.

**{¶ 24}** Numerous appellate courts have also strictly construed the mechanic's lien law; three such cases follow.

11.

{¶ 25} As indicated previously, the trial court relied on *State ex rel. Alban*, 116 Ohio App. at 416, 188 N.E.2d 434, in finding that appellant's affidavit could not be amended or corrected. The issue in that case was whether the sworn statement for mechanic's lien could be supplemented by proof to demonstrate that the sworn statement was timely filed. *Id.* at 414. The statute at that time authorized a subcontractor "at the time of beginning the delivery of machinery, or at any time, not to exceed four months from the delivery thereof, to file a sworn and itemized statement of the amount and value of the machinery furnished." *Id.* The subcontractor's sworn statement set forth that the last date on which equipment was furnished was September 2, 1958, and the statement was filed on January 12, 1959, outside of the four month filing period. *Id.* The subcontractor sought to supplement the sworn statement with proof that he last furnished equipment on October 2, 1958, such that the statement would be timely filed. *Id.* The court observed that

> [t]he provisions of the Mechanics' Lien Act are to be construed liberally to secure the beneficial results, intents and purposes thereof, and a substantial compliance therewith is sufficient for the validity of such lien. * * * But, inasmuch as the act creates rights in derogation of the common law, its provisions are to be strictly construed in determining whether a lien attaches as a result of substantial compliance with the statute, and after the lien has been created the procedural and remedial provisions should be liberally construed. *Id.* at 414-15.

12.

The court also noted that "[i]n Ohio no provision is made by statute authorizing an amendment either before or after the time prescribed within which the claim must be filed." *Id.* at 416. The court determined that the subcontractor was not allowed to supplement the sworn statement. *Id.*

{¶ 26} In *Fairfield Ready Mix v. Walnut Hills Assocs., Ltd.*, 60 Ohio App.3d 1, 2, 572 N.E.2d 114 (1st Dist.1988), the affidavit filed in support of the mechanic's lien named the wrong party as the owner of the property. The affidavit incorrectly identified Lara, Inc., as the owner of the property instead of Walnut Hills. *Id.* The court held that the lien was invalid because the party failed to strictly adhere to R.C. 1311.06 when it listed the incorrect party as the owner of the property in the affidavit. *Id.*

{¶ 27} In *Hoppes Builders & Dev. Co. v. Hurren Builders, Inc.*, 118 Ohio App.3d 210, 215, 692 N.E.2d 622 (2d Dist.1996), the name set forth in the affidavit for mechanic's lien, "Mike Hurren," was not the full correct name of the owner, "Hurren Builders, Inc." The court found that the incorrect name of the property owner in the affidavit violated the strict requirement of R.C. 1311.06 such that a lien did not attach. *Id.* at 211.

### Statutes Liberally Construed

{¶ 28} In *Holmes v. J. B. Schmitt Co.*, 11 Ohio Law Abs. 648, 650 (1st Dist.1931), the court found that although the mechanic's lien described the owner of the property as

13.

Gaff Estate rather than Rachel Gaff Holmes, this error was not sufficient to invalidate the lien as the affidavit specifically described the property and its ownership was not in dispute.

{¶ 29} In *Buckeye State Hauling, Inc. v. Troy*, 43 Ohio Misc. 23, 24-25, 332 N.E.2d 776 (C.P.1974), the mechanic's lien affidavit set forth an incorrect street address as the description of the premises required by R.C. 1311.06. The Franklin County Common Pleas Court applied the law regarding notice, that "'[i] t is a general rule that whatever puts a party on inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty and would lead to a knowledge of the facts by the exercise of ordinary intelligence and understanding.'" (Citation omitted.) *Id.* at 28. The court then concluded that "[a] prudent man could not have been misled to believe that the recorded lien was on another property, and would have been put upon inquiry as to the correct address of the property described. * * * [T]he challenged description is sufficient as a matter of law because only one conclusion could be reached and further finds that the mechanic's lien here in question is valid." *Id.* at 27-28.

{¶ 30} In *Queen City Lumber Co. v. O.G. Enterprise, Inc.*, 1st Dist. Hamilton No. C-820440, 1983 WL 8761 (March 30, 1983), the affidavit for mechanic's lien set forth the property owner's name as "O.G. McGee Enterprises, Inc." although the true owner's name was "O.G. Enterprise, Inc." The court found that the affidavit was sufficient to

14.

satisfy R.C. 1311.06, and reasoned that the incorrect name contained the full correct name of the true owner, even though it also included the surname of the corporation's president.

{¶ 31} Here, appellant's affidavit set forth all of the information required by R.C. 1311.06, although there was a clerical error with the year that the work was performed. The affidavit was signed by appellant's president on February 10, 2012, and was filed on February 17, 2012, yet the dates when the work was first and last performed were set forth as May 6, 2012 and December 15, 2012. Clearly, the work could not have been performed and completed after the affidavit was signed and filed. There was no dispute about when the work was performed. Given that R.C. 1311.22 provides that substantial compliance with the mechanic's lien statutes is sufficient for a valid lien and it is evident that appellant's affidavit is in substantial compliance with the requirements of R.C. 1311.06, we find that appellant's mechanic's lien is valid.

### Breach of Contract

{¶ 32} The elements of a breach of contract action are "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." (Citations omitted.) *Firelands Regional Med. Ctr. v. Jeavons*, 6th Dist. Erie No. E-07-068, 2008-Ohio-5031, ¶ 19.

{¶ 33} Civ.R. 8(A) states that a pleading shall set forth "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."

15.

{¶ 34} Here, appellant alleged in the complaint that "Defendants Steven Sapp and Lisa Sapp, individually and doing business as Mutach's Market, and/or defendant, 505 West Main Street, LLC, contracted with plaintiff for work plaintiff performed at [the property] * * * [and] Defendants 505 West Main Street, LLC, Steven Sapp and Lisa Sapp, currently owe plaintiff the sum of $92,206.01 * * *." Appellant has complied with Civ.R. 8 and has sufficiently alleged in its complaint a claim for breach of contract against Steven Sapp, Lisa Sapp and 505. Furthermore, a review of the trial court's decision shows that the trial court only considered the issue of the validity of the mechanic's lien and did not address appellant's claim for breach of contract. Accordingly, the trial court erred in dismissing the first claim of appellant's complaint relating to its breach of contract action.

{¶ 35} As we have found that appellant's mechanic's lien is valid, and appellant has sufficiently pled a claim for breach of contract, we accordingly find appellant's second assignment of error well-taken.

{¶ 36} As the resolution of appellant's second assignment of error renders moot the first assignment of error, we decline to address the first assignment.

{¶ 37} The judgment of the Ottawa County Common Pleas Court granting the motion for summary judgment of appellees, 505 West Main Street, LLC, Steven Sapp and Lisa Sapp, and the motion for summary judgment of appellee, Citizens Banking Company, is reversed.

16.

{¶ 38} Pursuant to App.R. 24, appellees, 505 West Main Street, LLC, Steven Sapp, Lisa Sapp and Citizens Banking Company, are hereby ordered to pay the costs incurred on appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                     _____
JUDGE

Thomas J. Osowik, J.           

                                             _____
James D. Jensen, J.                      JUDGE
CONCUR.

                                             _____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.