[Cite as *Graham v. Perkins*, 2015-Ohio-3943.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Nathan Graham                                    Court of Appeals No. S-15-008

    Appellant                                    Trial Court No. 14 CV 340

v.

Artie Perkins                                    **DECISION AND JUDGMENT**

    Appellee                                    Decided:  September 25, 2015

* * * * *

Nathan Graham, pro se.

Adam Martin and Joseph J. Darwal, for appellee.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} Appellant, Nathan Graham, appeals the judgment of the Sandusky County Court of Common Pleas, granting appellee's, Artie Perkins, motion for partial judgment on the pleadings.  For the following reasons, we reverse.

## A. Facts and Procedural Background

{¶ 2} Graham is an inmate who is currently incarcerated in a state correctional facility and acting pro se in these proceedings. The facts relevant to this appeal were stated in Graham's complaint, filed on April 23, 2014. According to the complaint, Graham was informed in 2011 that his cellmate, William Perkins, owned certain property that he wished to sell in order to raise the money necessary to retain an attorney for assistance with his criminal case. Because William was incarcerated at the time, he ordered appellee, his mother, to sell his property on his behalf. Although a portion of William's property was in the state's custody at the time, a court had allegedly issued an order directing that the property be released to appellee.

{¶ 3} Upon learning of William's intent to sell his property, Graham instructed his girlfriend to deliver $3,500 to appellee in July 2011. Following "repeated problems with either non delivery of the property * * * or the sheriff not releasing the property to [appellee, Graham asked] that his money be returned to his power of attorney." In response, appellee transferred money to Graham's power of attorney on four separate occasions, in an amount totaling $750. However, at some point, Graham instructed appellee to retain the remainder of his money because he still desired to purchase a portion of William's property if appellee was successful in having it released from the sheriff.

{¶ 4} Approximately one year later, Graham directed his brother to provide appellee with a $200 money order. William was anticipating a visit from appellee at the

2.

prison and Graham wished to have appellee "put the money on his phone account."  The money was never credited to Graham's account.

{¶ 5} As a result of the foregoing, Graham contacted appellee and demanded that she return his money, totaling $2,950.  According to the complaint, Graham made these demands from October 2012 to January 2013, after which point appellee stopped accepting his telephone calls.  As of the date of the complaint, appellee had not returned Graham's money.

{¶ 6} Subsequently, Graham filed a complaint asserting claims for breach of contract, breach of bailment contract, unjust enrichment, conversion, and fraud.  Three months after the complaint was filed, appellee filed a "motion for partial judgment on the pleadings" pursuant to Civ.R. 12(C).  In her motion, appellee argued that Graham's claims for breach of contract and breach of bailment contract should be dismissed because Graham failed to include allegations in the complaint concerning the consideration given to support the contracts.  Specifically, appellee contended that the assurances alleged in the complaint, namely her promises to utilize Graham's funds to purchase William's property, were really nothing more than gratuitous promises since she would have received nothing in return.  Moreover, appellee asserted that Graham's conversion claim should be dismissed because the complaint contained no allegations that appellee committed a "wrongful act or disposition of [Graham's] property."  Notably, appellee's motion to dismiss was silent as to Graham's claims for unjust enrichment and fraud.

3.

**{¶ 7}** On August 4, 2014, Graham filed his memorandum in opposition to appellee's motion to dismiss. In his memorandum, Graham argued that the agreement alleged in the complaint was supported by proper consideration, stating that he could "see no logical way how [appellee] can claim she did not receive consideration or benefit on the contract. The monies which [appellee] received from the Plaintiff were to be applied against the purchase of several items from her son's property." As to the breach of bailment contract claim, Graham seemingly conceded that there was no consideration to support the alleged bailment contract. Nonetheless, Graham insisted that a bailment contract need not be supported by consideration. Finally, Graham conceded that he lacked factual support for his claim for conversion. Thus, he indicated his desire to voluntarily dismiss the conversion claim.

**{¶ 8}** Upon consideration of the foregoing, the trial court, on October 21, 2014, issued its decision on appellee's motion for partial judgment on the pleadings. In its decision, the court found that the complaint failed to set forth facts that would demonstrate that the alleged agreement between the parties was supported by consideration. Further, the court found that there was no enforceable bailment contract alleged. Consequently, the trial court granted appellee's motion for partial judgment on the pleadings.

**{¶ 9}** Thereafter, Graham filed a motion for reconsideration with the trial court, which was subsequently denied by the court on November 25, 2014. Additionally, Graham filed a notice of appeal on November 17, 2014. On December 16, 2014, this

4.

court issued an order dismissing Graham's appeal for lack of a final appealable order. Consequently, on January 20, 2015, Graham filed a motion with the trial court seeking the clarification of its judgment entry. In his motion, Graham sought the modification of the court's judgment entry to reflect whether the action was still pending before the court. In response to Graham's motion, the trial court issued another judgment entry on March 2, 2015, in which it stated the following:

> Upon a further review of [the October 21, 2014 judgment entry], it is apparent that the Court ruled against the plaintiff on the unjust enrichment claim but did not enumerate it in the entry. Therefore as a clarification, the Court grants defendant's motion for partial judgment on the pleadings for breach of contract, breach of bailment contract, conversion, and unjust enrichment. There remains a fifth count alleging fraud which still pends.
>
> * * *
>
> There is no just reason for delay.

{¶ 10} On March 16, 2015, Graham filed a motion to reinstate his appeal with this court, arguing that the trial court's decision, as modified, was a final appealable order. Subsequently, we issued an order denying Graham's motion to reinstate the appeal upon a finding that the prior appeal was previously dismissed. In our decision, we instructed Graham to file a new appeal from the trial court's March 2, 2015 order. On March 26, 2015, Graham filed a timely notice of appeal.

5.

## B. Assignment of Error

**{¶ 11}** On appeal, Graham asserts the following assignment of error for our review:

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO APPLY THE PROPER STANDARD OF REVIEW BEFORE DISMISSING PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT AND UNJUST ENRICHMENT.

## II. Analysis

**{¶ 12}** A trial court reviews a Civ.R. 12(C) motion for judgment on the pleadings using the same standard of review as a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted. *McMullian v. Borean*, 6th Dist. Ottawa Nos. OT-05-037, 040, 2006-Ohio-3867, ¶ 7. On appeal, we review the trial court's decision de novo. *Id.* at ¶ 8.

**{¶ 13}** A Civ.R. 12(C) motion essentially tests the sufficiency of the complaint as written. Review is limited to the face of the complaint and the court may not consider any matters beyond the complaint. In order to prevail on a motion for judgment on the pleadings pursuant to Civ.R. 12(C), "it must appear beyond doubt that [appellant] can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in [appellant's] favor." *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d. 206, 207, 680 N.E.2d 985 (1997).

{¶ 14} In his sole assignment of error, Graham argues that the trial court erred in dismissing his claims for breach of contract and unjust enrichment.

{¶ 15} "The elements of a breach of contract action are 'the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.' (Citations omitted.) *Firelands Regional Med. Ctr. v. Jeavons*, 6th Dist. Erie No. E-07-068, 2008-Ohio-5031, ¶ 19." *Burroughs Framing Specialists, Inc. v. 505 W. Main St., L.L.C.*, 2014-Ohio-3961, 18 N.E.3d 1253, ¶ 32 (6th Dist.). In the case sub judice, the dispute centers on whether Graham's complaint contained sufficient allegations to establish the existence of a contract.

{¶ 16} "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16. "In order to declare the existence of a contract, both parties to the contract must consent to its terms * * *; there must be a meeting of the minds of both parties * * *; and the contract must be definite and certain." (Internal citations omitted.) *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 61 Ohio St.3d 366, 369, 575 N.E.2d 134 (1991).

{¶ 17} In its decision on appellee's motion for partial judgment on the pleadings, the trial court determined that there were insufficient factual allegations contained in the complaint on the issue of consideration. As noted above, consideration is defined as a

7.

"bargained for legal benefit and/or detriment." *Kostelnik* at ¶ 16. "Consideration may consist of either a detriment to the promisee or a benefit to the promisor. A benefit may consist of some right, interest or profit accruing to the promisor, while a detriment may consist of some forebearance, loss, or responsibility given, suffered, or undertaken by the promisee." *Lake Land Emp. Group of Akron, LLC v. Columber*, 101 Ohio St.3d 242, 2004-Ohio-786, 804 N.E.2d 27, ¶ 16.

{¶ 18} Here, a review of the factual allegations contained in the complaint reveals no evidence of a bargained for legal benefit on appellee's behalf. Rather, the allegations demonstrate that Graham, without solicitation from appellee, instructed his girlfriend to deliver $3,500 to appellee for subsequent use in the purchase of William's property. This transaction would inure to William's benefit, not to appellee, who was merely the custodian of William's property during his incarceration. The complaint does not allege that appellee held an ownership interest in William's property, nor does it allege that appellee would receive any remuneration from the sale of such property. Thus, we find that the breach of contract claim was properly dismissed by the trial court for lack of consideration.

{¶ 19} Turning to the unjust enrichment claim, Graham argues that the trial court erred in granting judgment on the pleadings where appellee's motion did not seek judgment as to the unjust enrichment claim. Moreover, Graham notes that the trial court's October 21, 2014 order granting appellee's motion was silent as to the unjust enrichment claim. Indeed, no mention of the unjust enrichment claim is found in the

8.

record until the trial court issued its subsequent decision following Graham's motion for clarification. Thus, it appears that the trial court rendered judgment on the unjust enrichment claim sua sponte.

{¶ 20} In support of the trial court's sua sponte dismissal of Graham's unjust enrichment claim, appellee cites the Supreme Court of Ohio's decision in *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). In that case, the court found that "[t]he Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints." However, the court went on to state:

> Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. However, some courts have recognized an exception to the general rule, allowing sua sponte dismissal without notice where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint. (Citations omitted.) *Id.*

{¶ 21} The foregoing language, which is expressly applicable to motions to dismiss under Civ.R. 12(B)(6), has been extended to motions under Civ.R. 12(C). *Metro v. Diplomat Healthcare*, 8th Dist. Cuyahoga No. 100799, 2014-Ohio-3146, ¶ 5 (holding that the trial court did not err in sua sponte granting judgment on the pleadings pursuant

9.

to Civ.R. 12(C)). Applying this standard, we find that the trial court erred in sua sponte dismissing Graham's unjust enrichment claim. As a threshold matter, we note that the trial court did not notify Graham of its intention to take such action. Thus, we must examine the allegations contained in the complaint to determine whether the unjust enrichment claim is frivolous.

{¶ 22} The elements of unjust enrichment require the showing of a benefit conferred by a plaintiff upon a defendant, knowledge by the defendant of the benefit, and retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Hammill Mfg. Co. v. Park-Ohio Industries, Inc.*, 6th Dist. Lucas. No. L-12-1121, 2013-Ohio-1476.

{¶ 23} In the present case, the factual allegations contained in the complaint are sufficient to satisfy the elements of unjust enrichment. According to the complaint, Graham provided a total of $3,700 to appellee, of which only $750 has been refunded despite Graham's repeated demands for the return of his funds.

{¶ 24} Because the factual allegations in the complaint support Graham's claim for unjust enrichment, we conclude that the claim is not frivolous. Consequently, we find that the trial court erred in sua sponte dismissing Graham's unjust enrichment claim without providing notice of its intent to do so and an opportunity for Graham to respond.

{¶ 25} Accordingly, Graham's sole assignment of error is well-taken.

10.

## III.  Conclusion

**{¶ 26}** The judgment of the Sandusky County Court of Common Pleas is reversed, in part, and its decision dismissing Graham's unjust enrichment claim is vacated.  This matter is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                   _____
                                                                JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.            _____
CONCUR.                                                           JUDGE

_____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.